SLOAN & RHODES, Respondents, *v.* PETER SMITH, Appellant.

The statute concerning references does not require that referees should be sworn. The imposition of an oath by the court would be of no effect, other than to put it in the power of the referee to commit a moral perjury, without becoming amenable at law.

If the legislature had intended that referees should be sworn, it would be presumed in this case that they were sworn, the contrary not appearing.

Judgment is entered upon a report of referees as matter of course, and the only mode to take advantage of it is, by moving to set it aside, as on motion for a new trial.

APPEAL from the Superior Court of San Francisco.

The plaintiffs brought this action against the defendant to recover $900, for services alleged to have been rendered to the defendant as attorneys at law.

The defendant denied the services, or if services were rendered, averred that they were not worth so large a sum.

The case was referred by consent of parties to three referees, named, "to hear and determine the cause, and report their decision thereon, and report to the court."

The referees made "report that $650 be awarded to the plaintiffs, with costs," and judgment was entered in accordance therewith. Defendant appealed.

The only exception to the judgment considered by this court was, that the referees were not sworn.

*Shattuck,* for appellant.

Although the statute does not in express words require that referees shall be sworn, yet justice requires that men clothed with judicial power should act under the sanction of an oath. All judges are sworn, so are jurors. The power is derived from a sworn officer, and the party exercising the delegated power should also be sworn. The report in fact constitutes the *judgment,* and only requires the formal order of the court to convert it into a judgment; and viewed as the basis of a judgment, the functionary who in reality renders it should be sworn.

In waiving a trial by jury, the party waives no other right, and if a reference is substituted, although by consent, to do the duty of a jury, the substitute must do the duty assigned him under like sanctions required of the jury, and should be sworn.

MURRAY, Chief Justice, delivered the opinion of the court. HEYDENFELDT, Justice, concurred.

This appeal is taken from the final judgment of the court below, rendered upon the report of referees.

We have already given a construction to the act concerning references, which has settled the practice in the lower courts, and which covers the errors assigned by the appellant, with the exception of the one that the referees were not sworn.

There is nothing in this point; the statute does not require referees to be sworn. Consequently, the imposition of an oath by the court would be of no effect other than to put it in their power to commit moral perjury without being amenable to the law.

Again : if the legislature had intended that referees, like jurors, should be sworn, for the protection of the interest of litigants, it would be presumed in this case that they were sworn, the contrary not appearing. The order of the court is to report a judgment; the evidence is not a necessary part. On the filing of the report, judgment is entered as a matter of course; and the only mode in which a party can take advantage of it is, by moving to set aside the judgment, as on a motion for a new trial.

Judgment of the court below affirmed.