## McKinney v. The Western Stage Company.

It is only an error in fact, committed by the District Court, in its own judgments, that can be reviewed by a writ of error *coram nobis*.

The office of the writ of error *coram nobis* is to correct a material error in fact, committed *before*, or in the presence of *us*, and not before *you;* or an error committed by the court or tribunal *from* which the writ issues, and not by one *to* which it issues.

The appellate court will presume in favor of the regularity of the proceedings of arbitrators.

Where parties submitted to arbitrators, a controversy wherein the plaintiff claimed damages for injuries resulting to his wife, by reason of the upsetting of the defendant's coach, and provided in the submission, that the award should be returned to the clerk of the District Court, and judgment entered thereon by the clerk, in vacation; and where the arbitrators made an award in favor of the plaintiff, upon which judgment was rendered by the clerk of the District Court, under the terms of the submission; and where the defendants then filed their petition for a writ of error *coram nobis*, to inquire into the regularity of the proceedings before the arbitrators, as well as the regularity of the entry of the said judgment by the clerk; and where at the next term of the said District Court, said writ, on motion of the plaintiff, was dismissed, and the judgment entered by the clerk vacated; and where the award was adopted by the court, and judgment entered thereon in favor of the plaintiff; *Held*, 1. That the writ was properly dismissed; 2. That any loss to the husband, in consequence of being deprived of the society of the wife, or being put to expense on account of the injury received by her, could be legitimately considered by the arbitrators under the terms of the submission.

At common law, for an injury to the person of the wife, during coverture, by battery, or to her character, by slander, or for any such injury, the wife must join with the husband in the suit.

But where the injury is such that the husband receives a separate loss or damage, as if, in consequence of the battery, he has been deprived of her society, or been put to expense, he may bring a separate action in his own name.

This rule of the common law upon this subject has not been changed by the Code.

## Appeal from the Davis District Court.

THESE parties submitted a certain controversy, in which the plaintiff claimed damages for injuries resulting to his wife, by reason of the upsetting of the defendant's coach, to arbitrators.  The submission reads as follows :

"Know all men by these presents, that whereas Solomon McKinney and the Western Stage Company, acting by their agent, O. Fuller, have this day agreed to submit the following matters in controversy between them, to the arbitration of Martin Snoddy, M. J. French, and O. D. Tisdale, to wit : McKinney claims of the said Western Stage Company, three thousand dollars damages occasioned to his wife, by reason of the upsetting of a certain passenger wagon, at Hillsborough, Iowa, on or about the 29th day of February, A. D. 1856, by reason of which certain injury was done to the collar bone and other portions of the body of said Mrs. McKinney.  Now, we hereby agree and bind ourselves, that we will abide by the award of said arbitrators in the matters herein in controversy, and that their award may become a judgment of the District Court of Davis county, Iowa, after ten days from the award of the same.   Said arbitrators shall take into consideration the following facts :

" 1.  Was any damage done to plaintiff, by reason of the upsetting of said wagon ?

" 2.  Is defendant liable for such damage ?

" 3.  What is the amount of damage to which the plaintiff is entitled, if any ?

" The above arbitrators are to be governed by the regulations of the District Court, in the investigation of this cause, and such award may become a judgment, by the entry of the clerk of said District Court of said Davis county, to be entered at any time after the same has been filed in his office

by the arbitrators, but not to be binding as a judgment until after ten days from date. · The arbitration above contemplated, to take place on the 25th day of June, at 10 o'clock A. M., in Bloomfield. Depositions may be used as evidence in said arbitration, to be taken before any officer, authorized to administer oaths, reasonable notice of ·not less than five days, being given of the time and place of taking the said depositions."

The award being in favor of plaintiff, and judgment rendered thereon by said clerk, defendants filed their petition for what is styled a writ of error *coram nobis*, to inquire into the regularity of the proceedings before said arbitrators, as well as the regularity of said entry of judgment by said clerk. At the next term, said writ was, on motion of plaintiff, dismissed, and the judgment so entered by the clerk, vacated. The plaintiff then moved for judgment on the award, and the defendant interposed various objections to the same. The award was adopted—judgment entered thereon in favor of plaintiff—and defendants now appeal.

*M. H. Jones* and *Knapp & Caldwell*, for the appellant, cited the following authorities: *Palmer* v. *Lorrilard*, 16 Johns. 343 ; 4 Cow. 82 ; 1 Wend. 56 ; *Gage* v. *Reed*, 15 Johns. 426 ; 5 Wend. 20 ; *Vosburgh* v. *Bane*, 14 Johns. 302 ; Code, § 1679 ; 1 Chitty on Plead. 73 ; 1 Bright's Husb. and Wife, 16 ; Van Santvoord's Plead. 128.

*Trimble & Baker*, for the appellee, relied upon the following : 3 Comst. 168 ; 5 Barb. 409 ; 1 New Jersey, 32 ; *Lewis* v. *Burgess*, 5 Gill, 129 ; *Vaughn* v. *Graham*, 11 Miss. 575 ; *Moody* v. *Pickard*, 8 Blackf. 58 ; 9 Missouri, 36 ; 8 B. Mon. 536 ; 2 Petersdorf, 135 ; 7 Cowen, 185 ; 11 Ill. 567 ; 1 Texas, 197 ; 1 Barb. Ch. 173 ; 1 Barb. 325 ; *Karthous* v. *Fanor*, 1 Peters, 227 ; 1 Hill, 489 ; 2 New Hamp. 179 ; 14 Ill. 62 ; *Lutz* v. *Linthicum*, 8 Peters, 165.

WRIGHT, C. J.—Several errors are assigned, which are not urged in the argument. We shall content ourselves

with disposing of those thus urged. They are, *first*, that the court erred in dismissing the writ of error; and second, in rendering a judgment in favor of Solomon McKinney, for injuries to the person of his wife, without her being joined in the action.

So far as the writ of error sought to have the court investigate any error in fact committed by the arbitrators, it was clearly not the proper remedy. Their award was not a judgment of the District Court; and it is only an error in fact committed by that court, in its own judgments, that can be reviewed by this writ. Code, chapter 112. The office of this writ is to correct a material error in fact, committed before or in the presence of *us*, and not before *you;* or an error committed by the court or tribunal *from* which the writ issues, and not by one *to* which it issues. And in so far as this writ sought to correct the alleged error committed by the clerk, in entering judgment on the award in vacation, one sufficient reason why defendants cannot now complain of the action of the court below, is, that said judgment was set aside, and the whole matter heard, as if no such judgment had been entered. All possible prejudice resulting from such assumed irregularity, has been thus obviated, and the defendants are, therefore, in no situation to complain of such action of the clerk.

Should the wife of McKinney have been joined in this action, is the second and only remaining question presented in the argument of appellants. The agreement shows that the parties submitted to the arbitrament of three persons, the following matters: first, was any damage done to plaintiff, by reason of the upsetting of the coach or wagon of defendants; second, are defendants liable for such damage, and if so, in what amount.

We suppose that at common law, the rule is well settled, that for an injury to the person of the wife during coverture, by battery, or to her character, by slander, or for any such injury, the wife must join with the husband in the suit. When, however, the injury is such that the husband receives a separate loss or damage, as if in consequence of the battery,

he has been deprived of her society, or been put to expense, he may bring a separate action in his own name. *Barnes and Wife* v. *Hurd*, 11 Mass. 59; *Lewis and Wife* v. *Babcock*, 18 Johns. 443; 2 Saunders P. & Ev. 568. And this rule we do not understand to be changed by the Code. It therefore follows, that in the case before us, the husband might maintain his separate action for any loss sustained by him in consequence of being deprived of the society of the wife, or being put to expense on account of the injury so received.

Such damages could be legitimately considered by the arbitrators under the terms of the submission. We will not presume, that they took into consideration, matters for which they should both have sued. On the contrary, we will presume in favor of the regularity of their proceedings, and that they only considered those matters for which the husband could sue in his own name.

Judgment affirmed.