Tomlinson v. Hammond et al.

TOMLINSON *v.* HAMMOND *et al.*

The term "civil actions" in sec. 2098 of the Code, includes everything except those cases which come under the criminal jurisdiction of the courts.

Under section 2098 of the Code, matters cognizable alone in a court of equity may be submitted to arbitrators.

A party cannot complain of an award of arbitrators, which, though it may be wanting in certainty or definiteness, was designed, and was in fact, for his benefit and protection.

Where it is sought to set aside an award of arbitrators, on the ground of their misconduct, the fact of such improper conduct must be made fully apparent to the court.

An award need not not show affirmatively, that the witnesses before the arbitrators, were sworn. It will be presumed that the arbitrators discharged their duty in respect to swearing the witnesses.

Where an award is recommitted to the arbitrators, for reconsideration, it is not necessary that the arbitrators should be resworn; nor need the award, after such reconsideration, show upon its face, that the arbitrators were sworn in the first instance.

Where one of two partners sold out to the other—the purchaser taking all the assets of the firm, and assuming the payment of all the liabilities; and where in proceedings between the two partners, under a submission to arbitrators, the arbitrators found that in the keeping of the books of the firm, there had been mistakes, and that the vendor had recieved credits and cash with which he was not charged, amounting to the sum of $1,900—among which was the following item: "For credits entered, which he is not entitled to, $1,431.84"—which sum was awarded to the vendee of the partnership interest; and where it was claimed that the vendee was entitled to recover for only one-half of the said sum of $1,431.84;" *Held*, That the vendee having purchased the interest of

his partner, he was substituted to all the rights of the partnership, and whatever either was owing to the firm, belonged to him.

Every presumption is in favor of the correctness of an award of arbitrators.

## Appeal from the Cedar District Court.

### MONDAY, APRIL 4.

THE PLAINTIFF and the defendant, Hammond, were partners, under the name and the style of Hammond & Tomlinson. The defendant, Twitch, purchased the interest of Hammond, and the business was afterwards conducted in the name of Tomlinson & Co. Twitch bought out Tomlinson, taking all the assets, and undertaking to pay all the debts of both firms. Some misunderstanding and difficulty after this arose between the parties, each charging the other with a failure to comply with his contract—the result of which was, that Tomlinson sued Twitch, and Twitch & Hammond, in separate actions, and Twitch brought his action against Tomlinson. The parties referred all matters embraced in their actions, to arbitrators, as well as everything of an unsettled nature between them, both of law and equity. The arbitrators submitted their award, to which certain exceptions were taken by plaintiff. These were overruled, the award adopted, and judgment entered in accordance with its terms. Plaintiff appeals. For the other material facts, see the opinion.

*Cook, Dillon & Lindley*, for the appellant.

*Bissell & Spicer* and *Richman & Bro.*, for the appellees.

WRIGHT, C. J.—The parties have submitted this case upon a very incomplete and confused record. The consequence is, that we have had great difficulty in apprehending many of the points made and positions assumed by counsel. And now, after the most careful examination, we are not fully satisfied that the conclusions to which we have arrived, are in all respects correct.

It is not our purpose to state at length the facts connected with this protracted litigation. We shall, as briefly as possible, submit our views upon the questions of law made, referring to the facts only so far as may be necessary.

Precisely what was claimed by the parties in the three actions referred to the arbitrators, does not appear. We infer, however, that one action, at least, was on the equity side of the court. And based upon this assumption, the appellant insists that matters cognizable alone in a court of chancery, could not be submitted to arbitrators. The Code provides that all controversies which might be the subject of *civil actions*, may be submitted to the decision of one or more arbitrators. Section 2098. We are very clear that this includes controversies cognizable in a court of equity, as well as those triable in a court of law. "Civil actions," as here used, include everything, except those cases which come under the criminal jurisdiction of our courts. Code, sections 1576, 1676–7 ; 2 Greenl. Ev., sec. 78.

The arbitrators found in favor of Twitch, and against Tomlinson, in about the sum of $2000, and awarded that Tomlinson might, at any time within three months, pay that amount, or so much as should be necessary, to the creditors of the late firms—being the debts which Twitch was to pay by the terms of the dissolution; that receipts from such creditors should be good as payments upon the sum so found; and that in the event that he failed to pay the whole amount so found due Twitch, within said three months, judgment should then be entered against him for the balance. It is objected that the award in this respect is not certain, specific, nor final, but that its force depends wholly upon certain contingencies; and that no judgment could be entered upon it, as upon the verdict of a jury.

If the award in this respect, is wanting in certainty or definiteness, it is a defect of which the appellant cannot complain. Assuming that the arbitrators found correct as to the amount, then Twitch was entitled to a judgment, at once, for that sum, and the permission given to Tomlinson, to pay

the money within three months to the creditors, instead of to Twitch, was designed, and was, in fact, for his benefit and protection. But for this condition, he might have been compelled to pay the $2000, and to rely upon the ability of Twitch to pay the firm debts, for which debts to the creditors, they were equally bound. And the propriety of this order, so far as protection to Tomlinson is concerned, is abundantly shown from the fact that some of the creditors had already sued and attached the property of Tomlinson, and this was one of the matters of which he complained in the action brought against Twitch.

Appellant further claims, that the arbitrators were guilty of gross misconduct, in permitting Hammond and Twitch to testify, when not called upon by Tomlinson; and in rendering their award upon the hearsay of one of their own number. To these objections, it is sufficient to say, that they are not sustained by the facts. Taking all the affidavits returned, with the submission and award, into consideration, there is nothing to sustain the charge of misconduct.

It is claimed, also, that the return does not show that the arbitrators were sworn, nor that the witnesses who testified before them, were examined under oath. It is clearly unnecessary for the award to show affirmatively that the witnesses were sworn. The presumption is, that the arbitrators discharged their duty in this respect.

The first part of the objection is untenable, for the following, if for no other, reason : It seems that the arbitrators once before made their award, which, on motion of plaintiff, was re-committed. What was contained in that award, or returned with it, we do not know, for no part of it is before us. The one now before us states, that the first was " referred back to the undersigned, (the arbitrators), for re-consideration and re-examination." Upon such re-commitment, it was not necessary that the arbitrators should be again sworn, any more than to swear a jury a second time, when sent to their room, after reporting their inability to agree, or returning an informal verdict. Nor need the award, after such re-consideration, show upon its face that they were sworn in the

first instance.    We are not to be understood as holding, that this fact should appear affirmatively in any case.    It is only determined that the return made after the re-submission, need not show it.    There is no showing by affidavit, or otherwise, that they were not sworn.    The question stands upon the single ground that it does not appear affirmatively from the return.    *Depew* v. *Davis*, 2 G. Greene, 260 ; *McKinney* v. *Western Staye Co.*, 4 Iowa, 420 ; *Thompson* v. *Blanchard*, 2 Ib., 44.

It will be borne in mind, that Twitch bought out Tomlinson, taking all the assets, and was to pay all the debts.    The arbitrators found that in the keeping of the books of the firm, there had been mistakes ;    and that Tomlinson had received credits, and also cash with which he was not charged, amounting in all to about nineteen hundred dollars.    Of this sum, one item is set down thus :    " For credits entered, which he is not entitled to, $1,431,84."    Appellant now claims that but one-half of this sum should have been found against Tomlinson, and the same is claimed as to the cash received, and not charged at the time of the purchase by Twitch.    And the argument is, that Tomlinson was owing these sums, if at all, to the firm, and as a member of the firm, was himself entitled to one-half of them.    This argument, however, looses sight of the fact that Twitch had bought out the firm, and as such purchaser, he was entitled to all of the assets.    What were the terms of the dissolution and purchase by Twitch, we do not know, for they do not appear further than as above stated.    We know nothing except that the purchaser took all the assets, and was to pay the debts.    Whether the debts owing the firm, were from one of the members, or a third person, he was to have them all.    When he purchased the interest of his partner, he was substituted to all the rights of the partnership, and whatever either was owing to said firm, belonged to him.

The same objection is made to so much of the award, as finds in favor of Hammond, to the amount of near one hundred dollars.    This portion of the award is as follows : "And

the said arbitrators further find and award, that said Tomlinson is indebted to, and shall pay to, William H. Hammond, the amount heretofore found and submitted, to-wit: the sum of one hundred and five dollars." What this was for, nowhere appears, except that the agreement of submission recites that "Hammond claimed that he was entitled to divers and large credits upon the books of the firm of Hammond & Tomlinson, and that Tomlinson, as book-keeper and treasurer of the firm, had made numerous mistakes in keeping the books, in his own favor, and had received large sums of money which he had not accounted for." How the arbitrators arrived at the conclusion, that Hammond was entitled to the sum stated, we cannot tell. Every presumption is in favor of the correctness of their determination. For aught that appears, they pursued the very course, and adopted the method of calculation, contended for by appellant.

Other objections are made to the award. They may be disposed of, however, by the remark that they are either settled against appellant, by the views above expressed upon other points, or they were not made in the district court, and are not of a nature to be urged here for the first time. *Depew* v. *Davis, supra.*

Judgment affirmed.