## Mowry v. Chaney.

43 609
e115 313

1. **Husband and Wife:** DAMAGES: INJURY TO WIFE. The husband may recover damages from a physician for treatment of his wife, by which he has been subjected to expense and deprived of her society.

2. ———: ———: ———. If such treatment results in her death, the right of action therefor exists only in favor of her administrator.

*Appeal from Clarke District Court.*

SATURDAY, JUNE 17.

THIS action is brought to recover of the defendant for malpractice. The petition avers in substance that the plaintiff employed the defendant as a physician and surgeon to treat his wife, who was about to be delivered of a child, and that in consequence of the unskillfulness and negligence of the

defendant, the plaintiff has been put to great expense, and has lost the services and society of his wife.

The answer is a general denial, except that it admits that defendant is a physician and surgeon, and undertook the treatment of plaintiff's wife.

The plaintiff offered in evidence several depositions tending to prove the averments of the petition, to which the defendant objected on the ground that the facts stated in the petition do not constitute a cause of action. The court sustained the objection, and instructed the jury in the following words:

"This is an action in which the plaintiff asks damages of the defendant on the allegation that defendant, Chaney, was a physician and surgeon, and so held himself out to the world; and that the wife of plaintiff, Mowry, was pregnant and about to be delivered, and that defendant, Chaney, undertook to attend her medically and have her delivered of her said child, and that said defendant did not exercise ordinary care and skill and knowledge in said employment; and because of the want of such care and skill and knowledge the wife of plaintiff died. The defendant denies that he did not possess ordinary skill and knowledge, and denies that he did not exercise ordinary skill and knowledge and care and diligence in the treatment of plaintiff's wife, and denies that plaintiff's wife received any injury in her treatment, or that she died from the effects of injuries received of the defendant, Chaney. The defendant admits that he was a physician, and that he undertook the treatment of plaintiff's wife. We say to the jury that the evidence before the jury is withdrawn from them; that if the defendant did the things set out in the petition, the cause of action exists in favor of the estate of the deceased, and the action should have been commenced by the administrator. You can use the following form for a verdict: We, the jury, find for defendant."

Judgment for the defendant. Plaintiff appeals.

*Stuart Brothers* and *Parr & Stivers*, for appellant.

*Chaney & Beeson* and *R. B. Parrott*, for appellee.

ADAMS, J.—The husband may recover for loss of services of his wife. *Tuttle v. The C., R. I. & P. R. Co.*, 42 Iowa, 518.

In this case, however, the petition shows that the plaintiff's wife was confined in child-birth, and died in three days after the treatment complained of. So far as the petition shows, it does not appear that the plaintiff sustained any damage in the loss of his wife's services by reason of the treatment.

That the plaintiff might recover for the loss of her society between the time she received the injury and the time of her death, seems well settled. *McKinney v. The Western Stage Co.*, 4 Iowa, 420.

We think, too, the plaintiff should have been allowed to recover for expenses made necessary by the defendant's treatment.

It is claimed by the appellee that the plaintiff's allegation in regard to expenses is not sufficiently specific. But we do not think the evidence could have been properly excluded upon that ground, and it is not claimed that it was excluded upon that ground. If the allegation was not sufficiently specific to enable the defendant to defend, he could on motion have obtained an order that it be made more so.

II. The damages resulting from the death of the deceased were damages to her estate, and a right of action therefor exists only in favor of the administrator of her estate. *Sherman v. The Western Stage Co.*, 24 Iowa, 515; Revision, § 4111.

So far as these damages are concerned, the ruling of the District Court was correct; but for error in excluding evidence of damages in loss of society and in expense, the case is

REVERSED.