Blair v. The Chicago & Alton Railroad Company.

JOHN BLAIR v. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant*.

1.  **Witness, Physician as** : PRACTICE.  In an action by a husband against a railroad company for damages resulting to him by reason of injuries received by his wife in an accident on defendant's road, while a passenger on its cars, it is competent for the husband and wife to waive the protection of the statute (R. S., sec. 4017), and allow her attending physician to testify as to statements made to him by her in reference to her sickness resulting from her injuries.

2.  **Practice** : HUSBAND AND WIFE : SEPARATE ACTION BY HUSBAND FOR INJURY TO WIFE.  A husband may maintain a separate action against a railroad company in his own name, for the loss of the services of his wife and for any expense and loss consequent upon an injury received by her in an accident upon its road, while a passenger on its cars, and it matters not in such case that the injury arose as a consequence of a breach of contract made with the wife.

3.  ———— : ———— : ————.  The *gravamen* of such an action by the husband is the breach of a public duty by the common carrier, which the law imposes independent of contract, and privity of contract is not essential to maintain it.

4.  ———— : DAMAGES.  It is a principle of the common law that where a person sustains loss or damage, by the wrong of another, he may have an action on the case to be remunerated in damages.

5.  ———— : ————.  It is a general principle that an action lies for an injury done to one who stands in such relation to the party injured that the injury of the latter causes loss of service or expense to the person who sues for the consequential injury ; and such action is not barred by an action by the person who receives the direct personal injury and who is alone entitled to an action therefor and the damages recovered thereby.

Blair v. The Chicago & Alton Railroad Company.

6. ———: SEPARATE ACTION BY HUSBAND FOR INJURY TO WIFE. In circumstances such as this record discloses, the husband can recover for loss of his own time in attending upon his wife, and for loss of his wife's society.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Lathrop & Smith* for appellant.

(1) The motion to strike out should have been sustained. Plaintiff was not entitled to ground any part of his right to recover upon a claim for loss of profits in his millinery business resulting from the inability of his wife to attend to the same on account of her injuries. The petition alleges a contract of carriage between defendant and Mary J. Blair. For a breach of that contract, or for a tort growing out of that contract, she alone has the right to recover for loss of her time from her employment. Her husband is not entitled to recover for that kind of loss of services, and certainly not for loss of profits. *Alton v. Railroad*, 19 C. B. (N. S.) 213 ; *Railroad v. Stutler*, 54 Pa. St. 375. (2) The testimony of Dr. Dunn was incompetent. R. S., sec. 4017 ; *Johnson v. Johnson*, 5 Paige Ch. 460 ; *Grattan v. Ins. Co.*, 80 N. Y. 281 ; *Harriman v. Stowe*, 57 Mo. 93 ; *Gartside v. Ins. Co.*, 76 Mo. 446. The instructions asked by defendant should have been given. For the breach of the contract of carrier and passenger, existing between Mrs. Blair and defendant, only she was entitled to recover. The third instruction denied the right of the plaintiff to recover for loss of services of his wife. Defendant's fifth instruction should have been given. Plaintiff's loss of time does not enter into the estimate of damages under the law, but if he nursed his wife instead of or in addition to other nurses, he might be entitled to recover the value of his services as nurse—the amount

he earned as such—but certainly not for his loss of time, the value of which might vary from one dollar to one hundred dollars per day. 2 Chitty on Contracts (11 Am. Ed.) 859 ; 2 Addison on Torts (Dudley & Baylie's Ed.), 1089 ; *Alton v. Railroad, supra ; Becker v. Railroad,* L. R., 5 Q. B. 241 ; *Railroad v. Stutler, supra ; Collis v. Selden,* L. R., 3 C. P. 495 ; *Keen v. Hartman,* 48 Pa. St. 497 ; *Brooks v. Schwerin,* 54 N. Y. 344 ; *Mewhirter v. Hatten,* 42 Iowa, 288 ; *Readhead v. Railroad,* L. R., 4 Q. B. 379 ; *Gilson v. Railroad,* 76 Mo. 282 ; *Tuttle v. Railroad,* 42 Iowa, 518 ; 2 Rorer on Railroads, 1093–4.

*Edwards & Ramsay* and *L. H. Waters* for respondent.

(1) The petition alleges that plaintiff's wife was a passenger on defendant's train and that in violation of defendant's duty to her in that behalf she was injured by the negligence of defendant's servants, and that plaintiff was compelled to and did pay out large sums of money for medicines, medical attendance and for the employment of nurses to care for her while she was suffering from injuries thus received. The facts stated in the petition must determine the nature of the grievance. *Railroad v. Hurst,* 36 Miss. 660. When the relation of carrier and passenger is established, the law imposes upon the carrier certain duties, for the non-performance of which an action in tort may be brought. *Ansell v. Waterhouse,* 18 Eng. C. L. R. 227 ; *Railroad v. People,* 31 Ohio St. 537 ; *Heirn v. McCaughan,* 32 Miss. 17 ; *Cregin v. Railroad,* 75 N. Y. 192 ; *Frink v. Potter,* 17 Ill. 406 ; *Railroad v. Hurst, supra ; Ames v. Railroad,* 117 Mass. 541. However a duty may arise, if it exists, and is neglected to the injury of plaintiff, he has a right to sue for damages. *Ames v. Railroad,* 117 Mass. 541 ; *McKinney v. Stage Co.,* 4 Iowa, 420 ; *Hopkins v. Railroad,* 36 N. H. 9 ; *Railroad v. Chester,* 57 Ind. 297 ;

Blair v. The Chicago & Alton Railroad Company.

*Newberry v. Railroad*, 25 Vt. 377 ; *Fuller v. Railroad*, 21 Conn. 556 ; Thomp. on Neg., p. 1240, section 15, and note. (2) The court properly refused appellant's instructions numbered first, second, third and fourth. The first and second, under the authorities already cited do not state the law of the case. *Ames v. Railroad*, *supra*. (3) When a court tries a case without a jury the instructions are only looked to for the purpose of ascertaining the theory upon which the case was tried. *Cooper v. Ord*, 60 Mo. 420 ; *Clouse v. McQuire*, 17 Mo. 158. (4) As the finding of the court is incorporated in the record it is unnecessary to refer to the instructions to ascertain the theory on which this case was tried. *Gill v. Ferris*, 82 Mo. 156. (5) The objections to the evidence of Dr. Dunn are not well taken. *Fraser v. Jennison*, 42 Mich. 206 ; *Matteson v. Railroad*, 35 N. Y. 487.

SHERWOOD, J.—The plaintiff brings this action for damages resulting to him by reason of injuries to his wife, in consequence of a railroad accident, she being a passenger on defendant's cars, by reason of which he lost her services as milliner in conducting his millinery store, was compelled to occupy all his time in nursing and caring for her in her sickness induced by such injuries, and was compelled to pay out large sums of money for medicines, medical attendance, and for the employment of nurses for his wife while suffering from such injuries. The accident in question is the same mentioned in *Blair and wife v. Railroad*, *post*, p. 383.

I. It was competent for the husband and wife, for it seems that they both did so, to waive the protection of the statute, section 4017, and to allow her attending physician to testify as to statements made to him by her in reference to her sickness, resulting from her injuries. And it has been ruled that even though the patient be dead, those who represent him after his death may do

the like for the protection of the interests they claim under him. *Fraser v. Jennison,* 42 Mich. 206. It is unnecessary to go so far in this instance. At the present term, where the wife was the meritorious cause of action, it was held that she might waive the statutory protection, and the right of waiving a privilege must be as broad as the privilege itself.

II.  Contention is made that as the contract to carry the wife safely was made with the wife alone, and that as the failure to do so resulted in a tort, growing out of that breach of contract, that she alone could recover for damages arising from such tort.  I do not find any case which goes the length of holding that a husband in such circumstances cannot maintain a separate action in his own name for the loss of the services of his wife, and for any expense or loss consequent upon the injury thus received by the wife ; the rule is the other way.  This position is abundantly sustained by the authorities. 2 Rorer on Railroads, 1093, 1094, 1095 ; *Fuller and wife v. Railroad,* 21 Conn. 557 ; *McKinney v. Stage Co.,* 4 Iowa, 420 ; *Cregin v. Railroad,* 75 N. Y. 192 ; *McDonald v. Railroad,* 26 Iowa. 124 ; *Hopkins v. Railroad,* 36 N. H. 9 ; 2 Thompson on Negligence, p. 1240, section 15 ; *Filer v. Railroad,* 49 N. Y. 47 ; Cooley on Torts, 226, 227, and cases cited.

And in such cases it matters not that the injury arose as an incident or consequence of a breach of contract made with the wife, when the injury extends further and invades rights which are personal to the husband ; depriving him of her services, and compelling him to the expenditure of money on account of her injuries.  The *gravamen* of such an action by the husband being a breach of duty by the common carrier, privity of contract is not essential.  Any one sustaining damage by reason of such breach of duty may maintain his action therefor.  In such case the tort does not spring from, nor arise out of a breach of contract, but the action

lies "against the carrier on the custom of the realm."
*Marshall v. Railroad*, 7 Eng. L. & Eq. 519 ; *Max v. Roberts*, 12 East, 89 ; *Ansell v. Waterhouse*, 18 Eng. Com. L. Rep. 227; Bliss Code Plead., sec. 14; *Ames v. Railroad*, 117 Mass. 541. The action is bottomed on a violation of a public duty, a duty which the law imposes independent of contract. *Stanley v. Bircher*, 78 Mo. 245.

It is a principle of the common law that, where a person sustains loss or damage by the wrong of another, he may have an action on the case to be remunerated in damages. 1 Com. Dig. 168, tit. Action; on the case A. And it is also a general principle that an action lies for an injury done to one who stands in such relation to the party injured that the injury of the latter causes loss of service or expense, etc., to the party who sues for the consequential injury. And while it is true that the person who receives a direct personal injury is alone entitled to an action, and the damages recovered thereby, this does not bar the action of one whose right of recovery rests upon loss of service, or expense incurred, as a result of the direct injury. *Woodward v. Washburn*, 3 Denio, 369. As a consequence of the foregoing the contract entered into by the wife having nothing to do with the present action, the case stands here just as if the plaintiff were suing for loss of service, etc., arising by reason of an ordinary tort done the wife.

III. And it has been ruled in this state that in circumstances such as this record discloses, a plaintiff—husband—can recover for loss of his own time in attending upon his wife. *Smith v. City*, 55 Mo. 456.

IV. The case was tried and declarations of law were given in accordance with the views already laid down, and there was no error committed against the defendant. But the court might well have refused the fifth instruction given on behalf of defendant, because it denied to plaintiff any recovery for loss of his wife's so-

ciety. It seems well settled that such a recovery is permissible. 2 Rorer on Railroads, 1094, 1095; *McKinney v. Stage Co.*, 4 Iowa, 420, and cases cited; *Fuller v. Railroad*, 21 Conn. 557; Cooley on Torts, 226.

The judgment should be affirmed. All concur.