DAVENPORT v. THE CITY OF HANNIBAL, *Appellant.*

DIVISION TWO.

1. **Witness:** PHYSICIAN : WAIVER. Revised Statutes, 1889, section 8925, merely gives the patient the privilege of suppressing as evidence information acquired by a physician while attending him in a professional capacity, and such privilege may be waived by the patient.

108  471
129   52
108  471
133  285
108  471
139  330
108  471
154  120
108   471
95a ¹637

Davenport v. The City of Hannibal.

2.  City: DEFECTIVE STREET : NOTICE.  A city is liable for injuries sustained by a traveler at night by reason of its failure to maintain a proper light in the vicinity of a defect in its street, whether it had notice of the absence of the light or not.

3.  ——— : ——— : ———.  The neglect of the city's agent to light the lamps was the negligence of the city itself, and it was not, therefore, entitled to such notice.

4.  ——— : ——— : INSTRUCTION.  Where, in an action against a city to recover for injuries sustained from a defective street, the court has properly instructed the jury as to the facts necessary to constitute a cause of action, it is not error, as submitting a question of law to the jury, to further instruct that " if plaintiff under the instructions herein became vested with a cause of action" at the time of the accident, no subsequent aggravation of the injuries by the plaintiff or her professional attendants would authorize a verdict against plaintiff.

5.  ——— : ——— : ———.  Where the proximate cause of the injury in such action is the defective street, it is not error to give an instruction authorizing a recovery which does not require the jury to determine whether or not a lamp was maintained in the vicinity of the place of the accident.

6.  ——— : ——— : VERDICT.  A verdict against a city for $2,700 in an action against it for personal injuries resulting from a defective street *held* not excessive.

*Appeal from Monroe Circuit Court.*—HON. T. H. BACON, Judge.

AFFIRMED.

*D. H. Eby* for appellant.

(.1 )  That portion of Dr. Hays' deposition concerning information which he acquired from his patient, Mrs. Davenport, while attending her in a professional character, and which was necessary to enable him to prescribe for her was incompetent evidence, and the court committed error in admitting the same in evidence over the objection of defendant.  R. S. 1889, sec. 8925.  The paper offered in evidence before the court, purporting to be a waiver by Mrs. Davenport

Davenport v. The City of Hannibal.

of the protection of the statute, did not authorize the reading in evidence of depositions previously taken in the case. (2) The court erred in refusing instruction, numbered 4, asked by defendant. The petition avers that the accident occurred "after dark," and that "there was no light or signal to indicate danger." Dill. Mun. Corp. [4 Ed.] sec. 1010, p. 1268 ; *Keating v. City*, 84 Mo. 418 ; *Bonine v. City*, 75 Mo. 437 ; *Loewer v. City*, 77 Mo. 445. (3) The court erred in giving of its own motion its instruction, numbered 1, which submitted a question of law to the jury, to-wit, as to whether plaintiff "had a cause of action." *Morgan v. Durfee*, 69 Mo. 469 ; *Hudson v. Railroad*, 53 Mo. 525 ; *Hickey v. Ryan*, 15 Mo. 62. (4) The court erred in giving plaintiff's instruction, numbered 1. It limited the investigation to the sole question of a dangerous opening in the crossing, practically excluding from the jury the consideration of the points which were fairly raised by the evidence on each side, among others, the question as to whether defendant had been maintaining at night a light in the vicinity of the crossing. *Fitzgerald v. Hayward*, 50 Mo. 516 ; *Hayner & Co. v. Churchill*, 29 Mo. App. 676 ; *Sullivan Case*, 89 Mo. 169 ; *Fink v. Phelps*, 30 Mo. App. 431. (5) The damages awarded were manifestly excessive, and the court erred in refusing to set aside the verdict. The evidence of Mrs. Moss and Dr. Hearne conclusively shows that if the plaintiff's wife had given her injuries proper care and attention she would in all probability have experienced no serious results.

*A. M. Alexander* and *R. E. Anderson* for respondent.

(1) That section 8925, Revised Statutes of 1889, was intended simply as a protection to the patient, and not an absolute prohibition of the physicians from testifying under the circumstances therein provided for, is

no longer an open question in this state. The authorities were fully examined, and the question decided on both reason and authority by this court in *Groll v. Tower*, 85 Mo. 249; *Squires v. Chillicothe*, 89 Mo. 226; *Blair v. Railroad*, 89 Mo. 334; *Carrington v. St. Louis*, 89 Mo. 208. (2) If the agent of defendant, who had the matter of lighting the lamps in charge, neglected to light the lamps on the night in question, then his negligence was the city's negligence, and his knowledge that he had not lighted the lamps was the city's knowledge. Mecham on Agency, sec. 729. (3) The court does not submit a question of law to the jury in instruction, numbered 1, given by the court on its own motion, but simply tells the jury what the law is. As qualified by the words, "under the instructions herein," it is in harmony with the ruling of this court in *Hudson v. Railroad*, 53 Mo. 525. (4) Plaintiff's first instruction does not limit the jury to the sole question of a dangerous opening in the crossing, and did not practically exclude from the consideration of the jury the points raised by the evidence, and did not exclude from the jury the fact that there was or was not a light there. There was no question of contributory negligence raised by defendant's answer. If the city had permitted a dangerous crossing to exist with notice of the dangerous condition of the same, then the existence of a light or danger signal would not justify the city in allowing the dangerous condition of the crossing to continue to exist, and the question as to the presence of a light could only bear on the question of the care and attention of Mrs. Davenport while walking over said crossing. *Loewer v. Sedalia*, 77 Mo. 445.

MACFARLANE, J.—This is an action by plaintiff, husband of Fanny C. Davenport, to recover damages from defendant for loss of the services of his wife, and expenses of nursing and treating her on account of personal injuries resulting from the alleged negligence of

the defendant in not keeping its streets in proper condition. The charge in the petition is that defendant maintained a sidewalk on the west side of Fourth street in said city, and, where that street intersected Washington street, it had undertaken to maintain a crossing over Washington street; that on the margin of Washington street, between the end of the sidewalk and the beginning of the crossing a space had been left open for the passage of the surface water, and as a crossing of this waterway large stepping stones had been planted; that the crossing of this waterway was negligently permitted to become "greatly out of repair, so that between the southern terminus of said crossing· on Washington street, as the same was laid on the surface thereof and the nearest stepping stone in said waterway there was an opening about twenty-six inches in width and twenty inches deep, with the sides thereof precipitous, with no apron or covering over the same, without protection and without any light or signal to indicate danger, so that the same was on, and had been for a long time prior to, said tenth day of November, 1885, not reasonably safe for ordinary travel, of which said condition of said crossing defendant had notice."

The petition further charged that on the tenth of November, 1885, the wife of plaintiff came to the city of Hannibal for the purpose of visiting her married daughter, then living on the westerly side of said Fourth street, and south of said Washington street; that after dark on the evening of said tenth day of November, 1885, she, on her way to her said daughter's, started to cross said Washington street at the·crossing aforesaid, going south, and was wholly unaware of the said condition of said crossing, presuming that the same was on a continuous level, there being no light or signal to indicate danger, when she unexpectedly stepped down and into said opening, and was violently thrown to the ground, from which she received serious injuries

making necessary the amputation of one of her legs, after long suffering and disability.

"That by means of the premises the said Fanny C. Davenport for a long space of time, to-wit, ever since the receiving of said injuries, has been unable to perform her ordinary duties as the wife of said plaintiff; that plaintiff has been deprived, not only of her services and society, but was put to great expense, and did pay out a large sum, to-wit, the sum of $600, in and about the nursing and taking care of his said wife, and for medical attendance on her, and has suffered great distress of body and mind, besides being hindered and damaged in his business on account of the precarious condition of his said wife, produced by said injuries."

The answer was a general denial and a special plea of a former trial of the issues as to the liability of the city for injuries to Mrs. Davenport in a suit by her against the defendant, in which a judgment was rendered for defendant. No point is made on this answer, and no further consideration will be given to it.

No question is made as to the sufficiency of the evidence to support the verdict. We have read the evidence carefully, and think it tends to prove each issue tendered by the petition, and we will not state the evidence in detail.

I. Plaintiff was allowed, over defendant's objection, to introduce and examine as a witness the physician who attended his wife in a professional character while suffering from her injuries. He was allowed to testify concerning information acquired from his patient while under his treatment. The written waiver by the patient of her privilege and her consent that the witness might give such testimony was first proved. The action of the court in permitting this witness to testify is assigned as error.

The statute provides that a physician shall be incompetent to testify "concerning any information which he may have acquired from any patient while

attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician." Sec. 8925. This statute, as frequently construed by this court, merely gives the patient the privilege of suppressing information thus acquired and was not intended to operate in its absolute suppression. Hence, it is held that the patient may waive the privilege and permit the physician to disclose such information. *Groll v. Tower*, 85 Mo. 249; *Squires v. Chillicothe*, 89 Mo. 226; *Blair v. Railroad*, 89 Mo. 334; *Carrington v. St. Louis*, 89 Mo. 208.

The case of *Blair v. Railroad*, *supra*, was also an action by the husband for loss of the services and society of the wife, by reason of injuries she had received through the negligence of the defendant. It was there held that the wife could waive the protection of the statute. In that case it was said the "right of waiving a privilege must be as broad as the privilege itself." There was no error in permitting the witness to testify.

II. Complaint is made that the court refused to give instruction 4, asked by defendant. That instruction, in effect, told the jury that if the damage to plaintiff's wife was caused by a failure on the part of defendant to maintain a proper light in the vicinity of the point at which the defect was permitted to exist; and that defendant had previously kept and maintained such light, then unless defendant had actual notice of the absence of such light, at the time plaintiff's wife fell, "in time to have enabled it in the exercise of reasonable diligence and attention to have supplied the same before the said Mrs. Davenport fell, or that on the evening in question the absence, if any, of such light had existed for such a period of time as to impart such notice to defendant, the jury will find for the defendant."

We do not think the principle, that a city is entitled to notice of a defect in a street, and a

reasonable time in which to make repairs before it can be held for damages resulting from such defects, applies to an omission of duty of the character here shown. The negligence, in failing to maintain a light, consisted in a failure to discharge a known duty, and not in a failure to know that a duty was required. Defendant knew that when the darkness came the light was needed. The neglect of defendant's agent to light the lamp was the neglect of defendant itself. The city was not entitled to notice that its agent had neglected his duty. *Russell v. Columbia*, 74 Mo. 480.

III.   It is insisted that the court, by its instruction given on its own motion, submitted to the jury the question of law as to whether the plaintiff had a cause of action. This is the instruction complained of: "The court, of its own motion on plaintiff's behalf, instructs the jury that, although aggravation of Fanny C. Davenport's alleged injuries, if any, by the negligence, if any, of said Fanny C. Davenport, or of her professional attendants, cannot be allowed to increase the estimate of plaintiff's damages, if any, yet, if the jury find that, at the time the alleged accident occurred, the plaintiff, under the instructions herein, became vested with a cause of action against defendant therefor, no such subsequent aggravation, if any, of her said injuries can take away plaintiff's cause of action or authorize a verdict against plaintiff."

The other instructions given by the court fairly and fully set out the facts which it was necessary should have existed in order to make a cause of action in favor of plaintiff's wife. Now for the court to say, that if, under the instructions given Mrs. Davenport "became vested with a cause of action" at the time of her injury, is not a submission to the jury of the legal question, whether she had a cause of action. The jury by the other instructions are clearly told what facts would constitute a cause of action, and by this instruction they

are told that, if such cause of action accrued in the first place, it was not defeated by any subsequent negligence of plaintiff's wife or of her professional attendants.

IV.   Objection is made to the first instruction given plaintiff, the part objected to being as follows :    "If the jury find from the evidence that said crossing was not so reasonably safe for ordinary travel as aforesaid, at the time of the alleged injury, to-wit, on the night of the tenth day of November, 1885, by reason of an opening between the stones in said crossing erected for and used as stepping stones therein ; and further find that the defendant had notice of such defect in such crossing or that the same had existed for a time prior to the time of said alleged injury, reasonably sufficient to have enabled the defendant to have ascertained the fact and remedied said defect, and further find that, on the night of said day last aforesaid, the said plaintiff's wife, Fanny C. Davenport, while walking over said crossing, and while in the exercise of ordinary care and caution, fell into said opening, and was thereby injured, and that her said fall and injury were caused by said alleged defect in said crossing, then they must find for said plaintiff."

The objection to this instruction is that, while it purports to cover the whole case, it is so framed as to exclude from the consideration of the jury the fact as to whether a street lamp was maintained in the vicinity of the accident at the time of its occurrence. We do not think the instruction open to the criticism. The proximate cause of the injury was the defective street, and not the absence of a light. Maintaining a light seventy-five feet away, as had been done, would not have excused defendant for suffering the defect in the street to exist. If proper light had been there, it might have warned Mrs. Davenport of the danger and she might have avoided it. The presence or absence of a light only bore on the question of the care used by Mrs. Davenport. If she used due care and was still injured the defendant would

have been liable though the light had been burning. The instruction required the jury to find that Mrs. Davenport was in the "exercise of ordinary care and attention," when injured, before they could find for the plaintiff. *Loewer v. Sedalia*, 77 Mo. 445. We think the whole case was very fairly submitted to the jury under the instructions.

V. Complaint is made that the verdict which was for $2,700 is so excessive as to indicate prejudice and passion on the part of the jury. The evidence shows that, as a result of the injury, the bones in one of Mrs. Davenport's legs became diseased, and finally, after two years of care and nursing and attention of physicians and surgeons, the limb was amputated. Plaintiff was required to pay large sums for doctors' fees, for medicine and for nursing, besides being required himself to devote much of his own time to nursing and caring for her, to the neglect of his private business. This continued for three years from the time of the injury. We cannot say, as a matter of law, that the damages allowed under the verdict were excessive. It was a question properly submitted to the jury. Judgment affirmed. All concur.