E. T. OLDER Appellant, v. JAMES QUINN, Appellee.

1. Arbitration: VALIDITY OF AWARD: ELECTION OF REMEDIES. Where the report of arbitrators fails to show affirmatively that the arbitrators were sworn, it will be presumed, in the absence of a showing to the contrary, that the arbitrators complied with the law, in this respect, or that the parties waived their making an affidavit, and if the submission and award otherwise conform to the law relating to arbitration, the party in whose favor the award is, can not, after it is rendered and placed in the hands of the clerk of the court, at his election, sue thereon, or pursue the statutory provisions for judgment, but must be content with the further statutory remedies.

2. ———: ———: ———: CONSTRUCTION OF STATUTE. Section 3431 of the Code providing that the statutes relating to arbitration shall not affect "the control of the court over the parties, the arbitrators or their award, nor impair or affect any action upon an award," relates to the jurisdiction of the court over common law awards, and does not entitle a party who has secured an award upon a statutory arbitration, to abandon the statutory remedies for judgment thereon, and sue upon it as a common law award.

*Appeal from Fayette District Court.*—HON. W. A. HOYT, Judge.

TUESDAY, OCTOBER 17, 1893.

ACTION on an award. A demurrer to the petition was sustained, and judgment rendered against the plaintiff for costs, from which he appeals.—*Affirmed.*

*H. P. Hancock* and *Rogers & Quigley,* for appellant.

*Ainsworth & Hobson,* for appellee.

KINNE, J.—This is an action on an award of arbitrators. The petition alleges that certain disputes and

controversies existing between the parties were submitted to arbitration. The submission is set out. It is entitled "In the District Court of Fayette County, Iowa." It clearly states the matters submitted, names the arbitrators, and also provides: "The said arbitrators to return their award to the said district court for judgment." This submission was properly acknowledged. It is urged that in pursuance of the agreement the arbitrators met, heard the evidence and arguments, and on December 15, 1890, made and published their award, finding that the defendant was indebted to the plaintiffs in the sum of one hundred and eighty-five dollars and thirty-one cents; that they determined that the costs amounting to twenty-two dollars and fifty cents, should be paid equally by the parties; that the award was filed in the office of the clerk of the district court on May 14, 1891; that the plaintiff is the owner of the award, and that the defendant refuses to pay the sum so found by the arbitrators. Judgment is demanded. The award is set out, and shows the meeting of the arbitrators; that a hearing of the matter was had, and a number of witnesses examined. It contains the finding of the arbitrators heretofore referred to, and is signed by them.

The defendant demurred to the petition, because: *First,* it does not state facts constituting a cause of action, in this: it does not state an arbitration and award of the parties, except a statutory submission; *second,* it does not state any submission binding either party to abide by an award made; and, *third,* the petition shows upon its face that the submission, arbitration, and award sued on were intended to be statutory, and the same constitutes no cause of action in favor of the plaintiff against the defendant. The court sustained the demurrer, and rendered judgment against the plaintiff for costs, from which he appeals.

I. Our statute provides for the submission to arbitration of all controversies which might be the subject of a civil action. Code, section 3416. The submission must be signed and acknowledged, and must specify what demands are to be submitted, the names of the arbitrators, and the court by which the judgment on their award is to be rendered. Code, section 3417. It is provided that all the rules by law prescribed for referees shall be applicable to arbitrators, except as in the chapter otherwise provided, or except as otherwise agreed upon by the parties.

*1. ARBITRATION: validity of award: election of remedies.*

Among other provisions touching referees, which are applicable to arbitrators, is one requiring the referee to make affidavit well and faithfully to examine the case, and make a just and true report, which affidavit must be returned with his report. From the argument alone, it appears that the plaintiff made no effort to secure a judgment under the statute on the award because the arbitrators were not sworn. The pleadings are silent as to that fact. Inasmuch as the pleadings do not affirmatively show that the arbitrators were not sworn, we think we must hold that the presumption is that they complied with the law in that respect, or that the parties waived their making an affidavit, as they had a right to do under the statute. Code, section 3420. This court has held that the presumption is that the arbitrators performed their duty as to swearing witnesses, in the absence of a showing to the contrary, and that an award need not show on its face that the arbitrators were sworn. The law seems to be that such fact need not be made to affirmatively appear. *Tomlinson v. Hammond*, 8 Iowa, 40, 43. The statute in force when the above case was decided was, in substance, the same as our present law, except that there was no provision for the return of the affidavit taken by the referees. Under our statute it is compe-

tent for parties to agree to a hearing without the arbitrators being sworn. Code, section 3420. If the parties to the submission proceed with the hearing without interposing the objection that the arbitrators were not sworn, it should be considered that they have agreed or consented thereto, and they should be held concluded by their acts in that respect. *Sloan v. Smith*, 3 Cal. 406; *Winship v. Jewett*, 1 Barb. Ch. 173. In the light of this presumption, the submission and award on their face are regular, and within the provisions of the statute. It is clear that the parties intended to enter into a statutory submission. They sufficiently provided for the entry of a judgment on the award in the district court of Fayette county, Iowa. Having made the submission under, and, so far as appears on its face, in conformity to, the statute, and the entire proceedings having conformed to the law, they were bound to pursue the remedy therein provided in such cases. In other words, we hold that it appears by the petition that the submission and award are within the provisions of the statute relating to arbitration, and that, when such is the case, the law does not contemplate that the party in whose favor the award is, may, after it is rendered and placed in the hands of the clerk, at his election, sue thereon, or pursue the statutory provisions for judgment thereon. Having availed himself of the provisions of the statute, and conformed thereto, he must be held to his election, and be content with the further statutory remedies.

In the view we have taken, we need not determine the questions as to the right of a party who resorts to a statutory arbitration resulting in an award, which can not be enforced by a judgment, as provided by the statute, because of some neglect or omission to comply with all its provisions, to resort to an action at law on the award, thus treating it as a common law arbitration and award. That question, as we have seen, in view

of the presumptions of the law that the arbitrators have done their duty, is not involved in this action.

II. It is contended that, under our statute, though parties have pursued its provisions in reference to arbi2. —: —: —: tration proceedings, still they may, at construction of statute. their election, and after an award is made, seek judgment on it as provided by statute, or they may treat it as a common law award, and sue directly thereon.

The statute reads: "Nothing herein contained shall be construed to affect in any manner the control of the court over the parties, the arbitrators, or their award; nor to impair or affect any action upon an award, or upon any bond or other engagement to abide an award. Code, section 3431. This section has never been construed by the court. We think it clearly. relates to the jurisdiction of the court over common law awards. Were it not for this section, it might be contended that the statutory means of arbitration were exclusive, and took away the common law right. To prevent any such claim, this statute was enacted. It certainly was not intended that parties should have the right, after entering upon a statutory arbitration, and securing an award thereunder, to then abandon it, and sue upon it as a common law award. True, it has been held that this may be done (*Burnside v. Whitney*, 21 N. Y. 148); but this decision was based upon two sections of the Revised Statutes of New York, one of which is similar to ours, and the other is much broader. Proceedings for an arbitration under our statute may be said to be virtually in court. The statute expressly provides that the award must, in the absence of a time fixed in the submission, be filed within one year from the time the submission is made. Code, section 3424. The manner of the transmission of the award to the court is fixed. Code, section 3425. It is to be docketed at the term of court to which it is returned, and to

be called up and acted upon in its order. Code, section 3426. It may be rejected or adopted by the court or recommitted. Code, section 3427. When adopted and entered of record, the award has the force and effect of a verdict. Code, section 3428. Clearly, when the award has been returned to court, it is a proceeding in court, in so far at least that no independent action thereon can be prosecuted. After its return, and prior to its adoption by the court, it is in the nature of a verdict by a jury, agreed upon, but not yet reported. The object of the statute was to avoid litigation. This object would not be attained by permitting parties agreeing to a statutory arbitration to prosecute another suit on the award.

The demurrer was properly sustained. AFFIRMED.