## LONDON v. CUNNINGHAM.

*(City Court of New York, General Term.* December 7, 1892.)

INJURIES TO WIFE—RIGHT OF ACTION—MEASURE OF DAMAGES.

In a suit by a husband for personal injuries to his wife, brought since the act of 1860, providing that earnings of any married woman from her labor shall be her sole and separate property, he can recover only for the loss of her society and for loss of such domestic services as are usually performed by a wife in the household of her husband, having regard to their surroundings and condition in life, but for loss of her earning power over and above such services an action can be maintained only by the wife, without regard to whether such earning power is expended in service to her husband or to another.

Appeal from trial term.

Action by Jacob London against Daniel Cunningham to recover for damages sustained by him by reason of personal injuries inflicted on his wife through the negligence of defendant. From a judgment for plaintiff, entered on the verdict of a jury, defendant appeals. Reversed.

Argued before McGown, Van Wyck, and McCarthy, JJ.

*Stewart & Macklin,* for appellant. *Murphy, Lloyd & Boyd,* for respondent.

Van Wyck, J. This action was brought by a husband to recover damages sustained by him by reason of the personal injuries to his wife through the negligence of the defendant, and which was commenced in January, 1890, upon a cause of action arising in August, 1889; hence this case is not governed by chapter 51, Laws 1890, which went in effect on March 18, 1890, the first section of which provided that, "from and after the date of the passage of this act, a married woman shall have a right of action for injuries to her property, injuries to her person or character, and injuries arising out of the marital relations, in all cases in which an unmarried woman or a husband now has a right of action by law;" nor is it controlled by the law of 1892, which was the final step taken to place her upon the same footing with men as regards her contracts. The complaint, after setting forth allegations as to the injury of the wife and the cause thereof, alleges "that, by reason of the premises, plaintiff [the husband] suffered great damage, and was put to great expense, by reason of the loss of the services of his said wife, who managed and conducted plaintiff's business of keeping a restaurant, and in procuring necessary medical attendance and medicines, and otherwise to plaintiff's damage five hundred dollars." The husband under the complaint could certainly recover for the loss of his wife's domestic services, and the expenses necessarily incurred by reason of the injuries to her, (to this extent the cause of action would survive to his administrator,) and the allegations of the complaint may be broad enough to permit of his recovering for the loss of his wife's society and the comforts of that society. At the trial the husband was permitted, over the objection and exception of the defendant, to prove the truth of this allegation as regards the services of the wife rendered in the management and conducting of his business of keeping a restaurant, and that he had employed a man to do this work in the restaurant, which his wife had performed before the accident, and had paid him therefor $10 per week for six weeks, and boarded him at a cost of $4 per week. A husband cannot recover general damages occasioned by an injury to his wife, for those damages belong to the wife, the person injured, and for such she can bring an action; and the appellant's brief states that this wife has already brought such an action on her own behalf against this defendant, but the record does not so show. However, this is of no consequence, for she has the undoubted right to do so, but at common law she could not include in such action damages for loss of her services, of any nature whatever; for all of her time and services, of every nature, and how and

wherever performed, belonged to her husband, and he alone could sue for loss of the same; but this was changed in this state by the Laws of 1860.[1] And the rule now prevailing here, as to the measure of her damages, as regards loss of her services, is that she can recover in her action for the loss of her earning power, over and above her domestic services, which still belong to her husband, but which, of course, are not limited to those of a domestic servant, but are such as are usually performed by the wife in the household of her husband, having regard to the surroundings of their home and to their condition in life, and such services would include attendance upon visiting friends as well as on boarders in the household; and to all of such services the husband is entitled, and in his action can recover for the loss of all of her services which would appertain to his and her home, be it in the country, on a farm, or in the city, in a palatial residence or some small apartment in a crowded tenement house. And it can be safely said that, since the act of 1860, the courts of this state have not laid down any broader rule as to the measure of a husband's recovery for the loss of his wife's services, and it may be that this measure will be narrowed under the acts of 1890 and 1892. Of course, the rule under discussion only applies to the loss of the wife's services, for the husband can still recover, in his action, for the loss of his wife's society and the comforts of that society, and this for the future as well as the past, if occasioned by the injuries to the wife; and in the same action he can recover for the necessary expenses incurred by him by reason of such injuries to her. As both the husband and his wife have separate actions for loss of her services, occasioned by the same injuries to the wife, he for the domestic services of the household, she for loss of her earning power over and above such services, it follows that, where the one can recover for the loss of the wife's services, the other cannot. If the wife had been "managing and conducting the business of keeping a restaurant" for another than her husband, she alone could sue for unpaid wages, and, if prevented from rendering such services by reason of her injuries, she alone can sue for such loss of services. And since the act of 1860 it has been held that she is entitled to her earnings for services, no matter to whom rendered, including her husband, if they are not such as he is entitled to, without remuneration, to wit, domestic household services, and this right to so contract with him and others, as to services, is not affected by the law of 1884; and, when this wife's action against this defendant is reached for trial, she can go on the witness stand, and testify that, at the time these injuries were sustained by her, she was managing and conducting her husband's business of keeping a restaurant, for which she was paid by him $10 per week, and that her injuries prevented her from performing this work, or work of like character, and earning this amount, for the period of six weeks; and the court, if properly requested, must charge the jury that she is entitled to recover this $60, for the loss of her earning power, over and above her domestic services, to which alone the husband would be entitled; and if this is so, and the husband is allowed to recover in this action this $60, the defendant will be compelled to again pay this sum in the wife's action.

On the trial of this action the defendant duly excepted to that portion of the charge to the jury which said: "So it seems to me that you are confined, in case you believe the plaintiff is entitled to a verdict, to compensating him for the loss of his wife's services, whatever you may believe those services to be worth, together with the amount of money he paid to this hired man." This

[1] Laws 1860, c. 90, § 2, provides as follows: "A married woman may bargain, sell, assign, and transfer her separate personal property, and carry on any trade or business, and perform any labor or services, on her sole and separate account, and the earnings of any married woman, from her trade, business, labor, or services, shall be her sole and separate property, and may be used or invested by her in her own name."

hired man was the one to whom plaintiff testified he had paid $10 per week for six weeks ($60) to perform, in his wife's stead, the services in the restaurant which she had been prevented from rendering on account of her injuries. From the verdict, under this charge; it would seem that the jury had found that the value of the services of the wife, for the loss of which, for six weeks, the husband claimed damages, were worth $10 per week, for this is what he had paid the man who took her place and performed in her stead, and that they had added to this $60 "the amount of money he paid to this hired man." The record shows that the verdict was against the weight of evidence, and the judgment and order appealed from are reversed, with costs to appellant to abide the event. All concur.