## McQUEEN v. BROWN.

(City Court of New York, General Term.  October 30, 1896.)

TRIAL—TAKING CASE FROM JURY.
Testimony of defendant, corroborated by that of his son, does not overcome the contradictory testimony of plaintiff to such an extent as to entitle him to a dismissal on the merits or the direction of a verdict in his favor.

Appeal from trial term.

Action by John McQueen against John Brown for work and labor. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, made on the minutes, defendant appeals.  Affirmed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

Robt. H. Racey, for appellant.
J. Baldwin Hands, for respondent.

VAN WYCK, C. J.   This cause was tried without an objection or exception by either plaintiff or defendant, except that defendant had noted an exception to the denial of his motion on the minutes for a new trial.   The defendant did not move for a nonsuit, nor for a dismissal on the merits, nor did he request the direction of a verdict in his favor.   The action was for a balance for work and labor performed by plaintiff in and about a building belonging to defendant,—the plaintiff testifying in support of his contention that the work was done as alleged, and that the balance was due and unpaid; while the defendant testified that there was a fixed price for part of the work, and that he had paid such price, and a further sum for the reasonable value of the other work, and he was corroborated by his 15 year old son.   This conflicting evidence on the main issue had to be submitted to the jury, and it would have been error for the judge to have taken the case from the jury, even if defendant had properly requested a dismissal or verdict in his favor, and the motion for new trial was properly denied.

The judgment and order appealed from are affirmed, with costs.

---

(18 Misc. Rep. 355.)

## SWEET v. METROPOLITAN ST. R. CO.

(City Court of New York, General Term.  October 30, 1896.)

JUDGMENT—OPENING DEFAULT—STIPULATIONS.
Since the husband's cause of action for the loss of his wife's services from personal injuries does not die with her, it is error to require defendant, in an action therefor, to stipulate, to secure an order opening a default, that, in case of the death of the wife before trial, judgment may be entered on the inquest taken on the default.

Appeal from special term.

Action by Ford J. Sweet against the Metropolitan Street-Railroad Company.   From so much of an order opening a default as requires defendant to stipulate that, in case plaintiff's wife dies before the case

is tried, plaintiff may have a final judgment on the decision and findings of the jury already taken on such default, defendant appeals. Modified.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

Henry A. Robinson, for appellant.
Brown & Dexter, for respondent.

VAN WYCK, C. J.   The plaintiff sues to recover damages sustained by him by reason of personal injuries to his wife through defendant's negligence.   The husband certainly can recover, in such action, damages caused by loss of his wife's domestic services, the expenses necessarily incurred by him by reason of her injuries, and the loss of her society and the comforts thereof; while the wife has her action for the general damages from the injury to her person, and for the loss of her earning power over and above her domestic services.   London v. Cunningham (City Ct. N. Y.) 20 N. Y. Supp. 882. The wife's cause of action for the general damages for her personal injuries dies with her.   Therefore, if she had been the plaintiff herein, taking the inquest, it would not have been unreasonable to have required the defendant to stipulate, as a condition for opening the default and setting aside the inquest, that, if she should die before the cause was retried, final judgment might be entered upon the decision and findings of the jury on the inquest; for otherwise the defendant, although guilty of negligence, would, by reason of her death, and the setting aside of the inquest, entirely escape liability for her cause of action, unless her death had resulted from its negligence. But in this case the plaintiff is the husband, whose cause of action for the wife's injuries will not die with her, and his cause and the proof thereof could have been fully protected by requiring the defendant to stipulate, as a condition for setting aside the inquest, that, in case of her death before the trial of the cause, then that her testimony as taken on the inquest, or, at plaintiff's option, as more fully taken on her immediate examination before trial, should be read upon the trial.   And the order appealed from will be so modified and affirmed, without costs.   All concur.