MARGARET BEIRNESS, Appellant, v. CITY OF MISSOURI VALLEY, Appellee.

**Municipal corporations:** SIDEWALKS: NEGLIGENCE: PROXIMATE
1 CAUSE. The charge of negligence on the part of a city in permitting snow and ice to remain upon a sidewalk in a rough and uneven condition, was eliminated from the case where the undisputed evidence showed that plaintiff had passed over that portion of the walk before she fell, and that her fall was from a different condition of the walk at another place, as the negligence charged was not shown to have been the proximate cause of the accident.

**Same:** SIDEWALKS: CONSTRUCTIVE NOTICE. Evidence that from one to
2 three days previous to plaintiff's injury there had been a slight thaw followed by a freeze causing the icy surface of the walk where plaintiff fell, was not sufficient in lapse of time to charge the city with notice of the condition.

**Same:** NEGLIGENCE. Upon the formation of a thin film of ice upon a
3 sidewalk, which it is practically impossible to remove, the city may wait for a change in temperature to remedy the condition without being guilty of negligence.

**Same:** NOTICE OF DEFECTS. Notice to a city official of a defect in a
4 sidewalk, which did not reach the condition complained of by plaintiff, was not of controlling importance.

**Same:** SIDEWALKS: GRADE: NEGLIGENCE. An established street grade
5 constitutes a grade for that portion of the street occupied by sidewalks; but it cannot be said as a matter of law that a failure to construct the walk at such grade was negligence, in this action for injuries alleged to have resulted from the improper grade in conjunction with other causes.

**Same:** NEGLIGENCE: PROXIMATE CAUSE. To recover for an injury caused by a slippery sidewalk on the ground that it was not built to grade, it must appear that but for the change from the established grade the injury would not have occurred. In the instant case the variance between the established grade and that upon which the walk was built was such as to make it a mere matter of speculation whether the accident would have happened but for such variance, and it cannot be held to have been a contributing cause to plaintiff's injury.

**Same.** A claim of negligence based upon the construction of a walk, with a surface so smooth as to be dangerous to pedestrians, is not sustained by evidence showing that plaintiff's injury resulted from an icy condition of the walk.

**Same:** EVIDENCE. Where a failure to remove snow and ice from a sidewalk was not shown to have been a contributing cause to plaintiff's injury, refusal to admit in evidence an ordinance of the city requiring its removal within a certain time was not erroneous.

*Appeal from Harrison District Court.*—HON. O. D. WHEELER, Judge.

MONDAY, DECEMBER 15, 1913.

ACTION to recover damages for injury resulting from a fall on an icy sidewalk. The trial court directed a verdict for the defendant, and plaintiff appeals.—*Affirmed.*

*Burke & Tamisiro* and *S. H. Cochran,* for appellant.

*John P. Organ* and *C. W. Kellogg,* for appellee.

WITHROW, J.—The appellant received certain injuries as the result of a fall while passing along a sidewalk in the city of Missouri Valley. She brought action to recover damages, alleging that the city was negligent: (1) In permitting the construction and maintenance of the sidewalk at a grade which was steeper than the established grade of the street to which it was adjacent, which it is alleged was dangerous

to the public using the same. (2) In constructing the walk in this climate with a smooth surface, and in permitting snow and ice to remain on the walk in violation of the city ordinance, in violation of law, and in permitting snow and ice to remain on the walk in rough and uneven surfaces. There was a trial to a jury which resulted in a verdict being directed in favor of the defendant, from which this appeal is taken by the plaintiff.

I.   Appellant's accident and injury occurred about 8 :30 o'clock a. m. Wednesday,. December 7, 1910.  On the preceding Sunday and Monday there had been a fall of snow, estimated by witnesses as from three to five inches in depth.  On the night before the accident there had been an additional snowfall of about one-half inch.  Between Sunday and Tuesday evening there had been a slight thaw, the effect of which was to remove some, but not all, of the snow from the walk. In the center of the walk, which was of concrete structure, a path had been made by travelers over it.  The effect of the travel along the path had been to create ridges or uneven conditions raised by the imprint and pressure of feet in the snow, followed by freezing, which made the raised places more or less solid.  The walk was sloping, being built upon a hillside; the grade of descent, at the point where the accident occurred, being near fifteen per cent.  At the time of the accident, the appellant was going down the hill, upon the sidewalk.

While it is urged that the accident resulted from the combined causes of the rough and uneven surface of the walk, occasioned by the snow and ice upon it, in connection with the steep grade which it is charged

1. MUNICIPAL CORPORATIONS: sidewalks: negligence: proximate cause.

is not in accordance with the established grade of the street at that point, the evidence shows without dispute, and it therefore must be taken as true, that appellant had passed over the part of the walk where the ridges and rough surface are claimed to have been, and her fall resulted from stepping

upon a place covered by the snow of the previous night, which under the pressure of her weight slipped on a thin coating of ice beneath, occasioning her fall. These facts remove from the case, as a charge of negligence, the permitting of the snow and ice to remain upon the walk in rough and uneven surface, as that particular condition is shown to have had no proximate connection with her fall.

II. The testimony of the appellant and her husband was to the effect that the ice upon which she slipped covered a surface about the size of a hand, by her described as "just a little spot of ice." Where she fell the side-walk was bare in spots, having the appearance of being covered with sleet. At that place the snow was soft. We are therefore led directly to the question whether the spot of ice at the particular place where the accident happened is shown to have existed for such length of time as created liability for failure to remove it. The evidence shows without dispute that in nearby places the walk appeared to be sleety. There is no evidence of there having been a fall of sleet; but that condition is explained by the evidence which shows that between Sunday and Tuesday evening there had been a slight thaw, which followed by a freeze would occasion ice surface at places where the water rested or had not flowed away. We do not find in the evidence that which would permit us or warrant a jury in the conclusion that the particular icy condition at the place of the accident had existed for such time as charged the city with notice of it. *Tobin v. City of Waterloo*, 131 Iowa, 75; *Goodson v. City of Des Moines*, 66 Iowa, 255.

2. SAME: sidewalks: constructive notice.

But independent of the question of notice, actual or presumed, it has been held that when cold follows a melting of snow, causing a film of ice upon the sidewalks which it is practically impossible to remove, the municipality may, without being guilty of negligence, wait for a change of temperature to remedy the con-

3. SAME: negligence.

dition. 28 Cyc. 1378; *Taylor v. Yonkers*, 105 N. Y. 202 (11 N. E. 642, 59 Am. Rep. 492); *Luther v. Worcester*, 97 Mass. 268.

There is in the record evidence which tends to show that prior to the time of the accident, complaint of the

4. SAME: notice of defects.

condition of the walk had been made by a citizen to an official of the city; but even if this be held as notice, it did not reach the condition which is the controlling one in this case.

III. There remains the question whether the variance between the established grade of the street, and the grade upon which the sidewalk was built, constituted negligence

5. SAME: sidewalks: negligence.

which caused the injury, either alone or concurrently with other causes. The established grade of the street at the intersection of Fifth and Huron streets was 64.50 and at the intersection of Fifth and Superior streets it was 112.60, both above the plane of reference here. The accident occurred about fifty feet north of the intersection of Fifth and Huron. The sidewalk between the intersections named varied from the grade of the center of the street, the latter being at a grade of thirteen per cent., and the sidewalk at a grade of 14.79 per cent., which as the testimony shows, increases the slant of the sidewalk, as claimed by appellant, 7.6 feet in 180 feet, or about one inch in two feet. The appellee makes different deductions from the measurements, but for our present purpose we follow the claim of appellant. It is the rule that an ordinance establishing a grade for the center of the street operates to establish a grade for that portion of the street occupied by sidewalks. *Gallaher v. Jefferson*, 125 Iowa, 324. Such was expressly required by an ordinance of the defendant city.

Such variance arising, does it follow that in failing to follow the established grade the city was negligent in such manner as to contribute to the injury of the appellant? We have been cited to no case holding that under such conditions, where

the sidewalk is a permanent structure, negligence arises as a matter of law because of the difference between established grade and structure. Cases cited by the appellant are to the effect only that, where the manner of constructing a sidewalk was such that it did not afford reasonable safety to those who might pass along it, the question of negligence is for the jury. *Ford v. DesMoines,* 106 Iowa, 97. *Langhammer v. Manchester,* 99 Iowa, 295.

But assuming, as contended by appellant, that the grade upon which the walk was constructed varied to the extent shown by the evidence from the established grade of the street, can it be said that such difference in grade

6. SAME: negli-
gence: proxi-
mate cause.

had causal connection with appellant's injury? The suggestion of the question immediately presents the difficulties which must attend its solution, and, as applied to this case, a question almost impossible of a reasonably certain or fairly probable answer. Upon a walk built in accordance with the established grade, under such conditions and circumstances as attended the accident in question, it cannot be said, either as a matter of law, or as a question upon which testimony might be offered, that the accident would not have happened, for such would be a mere conjecture, incapable of definite demonstration as a probable result. To have submitted the question upon the claim of negligence based upon such facts, it would have been the duty of the trial court to instruct the jury that defendant would be liable if it found that but for the added slope in the sidewalk the injury would not have been sustained. *Langhammer v. Manchester, supra.*

In the present case the appellant slipped upon the snow-covered ice. That was the operating cause of her fall. It is possible the increased slope of the walk had something to do with it, and likewise possible that it did not, and a conclusion as to either is necessarily a matter of speculation, without the support of substantial proof. Under such conditions the grade slant of the sidewalk cannot be held to be a contributing cause to the injury. *Taylor v. Yonkers, supra; Moore v.*

*Abbot,* 32 Me. 46; *Billings v. Worcester,* 102 Mass. 329, (3 Am. Rep. 460.)

IV.   The claim of negligence based upon the construction of the sidewalk with a surface so smooth as to be dangerous to pedestrians is without support as applied to this case, for the reason that it is not shown that the accident resulted from such condition, but rather from the snow-covered ice.

7. SAME.

V.   Appellant offered in evidence the ordinance of the city of Missouri Valley which required the removal of snow from the sidewalks within twelve hours after it has ceased to fall.   The trial court refused to admit it in evidence, and error is based upon such refusal.   Because of the conclusions we have reached as stated above, this was not error, as the failure to remove the snow within a reasonable time was not shown to have been a contributing cause to the injury.

8. SAME:
   evidence.

We agree with the conclusion reached by the trial court, and its judgment is *Affirmed.*

WEAVER, C. J., and GAYNOR and DEEMER, JJ., concur.