## MRS. CHARLES COVERT, Appellee, v. TOWN OF LOVILIA, Appellant.

**Evidence:** ADMISSION OF ADDITIONAL EVIDENCE: DISCRETION. It is within
1  the discretion of the trial court to permit a party to introduce additional evidence after the conclusion of the case, but before final submission to the jury.

**Municipal corporations:** DEFECTIVE WALKS: CONTRIBUTORY NEGLIGENCE:
2  EVIDENCE. To constitute contributory negligence on the part of one using a defective sidewalk, from which an injury results, it must appear that the injured person knew that the walk was in a dangerous condition and that he knew, or must have known by the exercise of reasonable care for his safety, that it was unsafe for him to attempt its use. The question of whether plaintiff appreciated the danger and was imprudent in attempting to use the walk in the instant case was for the jury.

**Same:** INSTRUCTIONS. A pedestrian is not bound to take another and
better sidewalk to reach his destination if he believes, or has reason
to believe, that he can safely use the walk over which he is passing;
and the use of a walk which an ordinarily prudent person believes,
or has a right to believe, he can use in safety is not of itself con-
tributory negligence. The instructions as given by the court on these
questions were correct.

**Appeal:** ADDITIONAL BRIEFS: MOTION TO STRIKE. The appellate court
will consider its own cases regardless of whether they are cited in
the briefs of counsel; and for that reason a motion to strike an
additional brief citing merely decisions of this state, but contain-
ing no additional argument, on the ground that it was filed too late
will be overruled.

*Appeal from Monroe District Court.*—HON. C. W. VERMILION,
Judge.

WEDNESDAY, OCTOBER 21, 1914.

ACTION for damages for personal injury upon a defective
sidewalk. From a verdict and judgment for plaintiff the de-
fendant appeals.—*Affirmed.*

*D. W. Bates,* for appellant.

*Jno. R. Price,* for appellee.

WITHROW, J.—I. Plaintiff's cause of action is based
upon the claim that in passing over a board sidewalk in the
town of Lovilia, February 26, 1911, she fell and received in-
juries which resulted in damages to her. She claimed negli-
gence on the part of the town as follows: That it had permitted
the sidewalk to get out of repair at the place where she was
injured, and so remain in a condition which was dangerous
and unsafe for many months prior to such time; that the
stringers supporting the boards were rotten, and that at that
point the walk was about six inches higher on one side than
the other, making a slanting surface; that on the day of her

injury the walk was covered with snow, ice, and sleet, and that it had been in such condition for some time prior, and that the officers of the defendant town had knowledge of such condition in time to have repaired it before her accident. She claimed that in passing over the walk at that point, because of its slanting condition, and being covered with snow, ice, and sleet, she slipped and fell and received the injury of which she complains, without any negligence on her part contributing to it. The answer was a general denial, a denial of knowledge or notice of the condition of the walk, and the averment that plaintiff was guilty of contributory negligence. The cause was submitted to a jury, a verdict was returned for plaintiff, and the defendant appeals.

II. The assignment of errors relate to the question of contributory negligence, the giving of instruction No. 14, and in overruling a motion to direct a verdict for the defendant. That motion was made at the close of plaintiff's evidence, at the conclusion of all the evidence, and was based upon the claim that the record shows plaintiff to have been guilty of contributory negligence.

III. While not stated in express terms, the question of defendant's negligence in the respects charged is suggested in argument. Without in detail setting out the evidence on that branch of the case, we conclude from an examination of the record that it required that question to be submitted to the jury, provided that the question of contributory negligence was not one for determination by the court.

IV. The appellee, Mrs. Covert, at the time of her accident was returning from church, shortly after noon. She had passed over the same walk in going an hour or so earlier, and its condition was unchanged. She testified that it was sleety and icy, with snow under the sleet. There was evidence tending to show that it had been in that condition, as to snow and ice, for some time, and that there had been a heavy fall of sleet the night before. In her testimony in chief she said she did not

1. EVIDENCE: admission of additional evidence: discretion.

know the condition of the walk when she went onto it, and that she was walking as carefully as she could. On cross-examination she testified that she saw and knew of the condition of the walk when going to church, as to snow, ice, and sleet, and that she safely passed over it; that she thought it was bad when she first went over it, but that she "didn't think anything about the dangerous part of it" when going to church; that she did not think about it being dangerous until after she was coming back, and after she fell. Her testimony was further to the effect that she had passed over the walk at times before she was hurt, at the same place, and that it was not safe, the stringers being rotten and the walk sloping; that she was careful in passing over it, and looked where she stepped. Later in the case, after the evidence on the part of the plaintiff had been concluded, and following the presentation of a motion for a directed verdict for the defendant, the plaintiff was recalled and, over the objections of the defendant, further testified that she then believed by being careful she could pass over the walk. It is not unusual practice for trial courts to permit additional evidence to be introduced, after the conclusion of a case, but before its submission to the jury; whether such shall be done being peculiarly within the discretion of the court. *Meadows v. Hawkeye Ins. Co.*, 67 Iowa, 57. In permitting the plaintiff to further testify, there was no error.

The substance of the testimony as given above is the basis upon which appellant rests its claim that there is an affirmative showing of. contributory negligence, and that it was the duty of the trial court to so hold. This court has held in many cases that the elements necessary to constitute contributory negligence in cases of this nature are that the person injured must have known that the walk was dangerous and unsafe, and also knew, or in the exercise of ordinary care for her own safety should have known, that it was dangerous and imprudent for her to attempt to pass over it. *Barnes v. Marcus*, 96 Iowa, 675; *Templin v. Boone*, 127 Iowa, 94; *Reyn-*

2. MUNICIPAL CORPORATIONS: defective walks: contributory negligence: evidence.

*olds v. Centerville,* 151 Iowa, 19; *Gibson v. Denison,* 153 Iowa, 320.

Of the cases cited by appellant in support of its contention here, those of *Parkhill v. Brighton,* 61 Iowa, 103, and *McGinty v. Keokuk,* 66 Iowa, 725, turned upon the refusal to give requested instructions, which stated the rule that the plaintiff must or should have known it was imprudent to pass over the dangerous place. That of *Sylvester v. Casey,* 110 Iowa, 257, was made to rest upon the failure of the evidence to show that plaintiff knew there was danger in what he did; that being held to be a necessary element in establishing contributory negligence. Many of the cases cited turn upon the facts and a discussion of them is unnecessary.

Under the rule as now always followed by this court, and as stated above, we are of opinion that in holding the case as one proper to be submitted to the jury, we think the trial court was right. While Mrs. Covert testified that she knew that the walk was not safe, at a time prior to her injury, and not in good condition, and that she thought it was bad where she attempted to pass over it at the time of her injury, she also testified that its dangerous character was not impressed upon her mind until she fell. She had passed over it before, once on the morning of her injury, and no accident had resulted; and her belief, as testified to by her, that she could then pass over it by being careful introduced in the case the element of fact, to be determined by the jury alone, as to whether she appreciated the danger and was imprudent in attempting to use the walk. The case of *Barce v. Shenandoah,* 106 Iowa, 426, relied upon by the appellant, had in it the element which this court held to be controlling, that in addition to the knowledge of the dangerous condition of the walk, the plaintiff had at least once before fallen at the identical place, and because of the same defect.

V. But it is claimed that the evidence shows that there was another and safer way for the appellee to travel to and

from church, and, having knowledge of the condition of the

3. SAME: instruc-
tions.

walk at the place where she was injured, it was her duty to avoid it, use the safer way, and that in failing to so do she was negligent. Such is not the sole question. This court has often held that a traveler is not bound to select other and better routes of travel, if he believed and had the right to believe he could with safety use the walk over which he was passing. *Jackson v. Grinnell*, 144 Iowa, 235; *Templin v. Boone, supra.*

VI. Instruction No. 14, given by the trial court presented to the jury the question of fact as to the alleged contributory negligence of the plaintiff, including the elements of knowledge and appreciation of danger, and also that of another and safer way, leaving the question as of one of fact. The instruction was a correct statement of the law. Nor was there error in giving it as immediately following an instruction, No. 13, given at the request of the defendant. The requested instruction which was given told the jury that if plaintiff knew that the walk was dangerous, and that it was imprudent for her to attempt to pass over it, she was guilty of contributory negligence. Instruction No. 14 stated the alternative of that proposition that, even though she knew of the dangerous condition, but believed, or as an ordinarily prudent person had the right to believe, that she could pass over the walk in safety, then she was under no obligation to select another route, and she would not be guilty of contributory negligence. We find no just ground for the criticism of that instruction, nor of its relation to that which preceded it. It was a logical sequence in statement, and clearly presented to the jury the different conditions which might, under the facts so found, permit or preclude a recovery.

VII. With the submission of the case was a motion to strike appellee's additional brief, as not having been in time.

It cited our own cases in addition to those previously given, but contained no additional argument. Even though we should strike the brief for the reason given, we would still feel not only at liberty, but embrace it as a duty, to consider our own cases, whether cited or not, so far as they have proper bearing upon the questions presented.

4. APPEAL: additional briefs: motion to strike.

VIII.   The case was properly submitted to the jury, and is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.