Mary Rose, Appellee, v. City of Fort Dodge, Appellant.

MUNICIPAL CORPORATIONS: Defects or Obstructions in Streets,
1  Etc.—Negligence—Icy Condition—Question for Jury. Evidence that an accumulation of ice on a public sidewalk was "slippery" and "smooth" and "slick" does not, as a matter of law, show that the condition was solely a climatic one, there being evidence that the ice was "rough" and "humpy."

MUNICIPAL CORPORATIONS: Defects or Obstructions in Streets
2  —Icy Condition—Cause. Evidence reviewed, and held to justify

the jury in finding that the condition which caused plaintiff's fall was due, not to a thawing of snow and ice, followed by sudden freezing, but to the negligence of the city in permitting the snow and ice to become, by reason of traffic, rough and uneven.

**TRIAL:** Instructions—Applicability—Paraphrasing Allegations of Negligence. It is not error for the court in its instructions to paraphrase the allegations of the petition.

PRINCIPLE APPLIED: An allegation of negligence was:
"By reason of the traffic of pedestrians * * * said snow and ice had become and was in a dangerous, rough, rounded, irregular and uneven condition."

The court paraphrased:
"Snow and ice had been permitted to accumulate and become packed by travel thereon so as to become unsafe and dangerous."

*Held*, the court did not change the issues.

**TRIAL:** Instructions—Requisites and Sufficiency—Construction as a Whole. The law is not so simple that all of it can be stated in any one sentence or paragraph. It is sufficient if instructions are correct as a whole. So held as to instructions in an action for the negligent accumulation of snow and ice on a public street, and the responsibility of the city in reference thereto.

**MUNICIPAL CORPORATIONS:** Defects or Obstructions in Streets —Notice of Injury—Specification of Negligence. The "notice of injury" on account of defective streets, etc., required by Sec. 3447; Par. 1, Code Supplement, 1913, in order to permit the bringing of the action after the expiration of three months, need not specify wherein the municipality was negligent. Therefore, the pleadings as to negligence are not controlled by such notice.

**EVIDENCE:** Hearsay—For Purpose of Impeachment. Statements incompetent as hearsay if offered to prove the fact, may be perfectly competent for purpose of impeachment.

**WITNESSES:** Cross-examination—Discretion of Court. In an action for damages caused by the defective condition of a sidewalk, it is within the discretion of the court to permit evidence brought out on cross-examination to remain in the record, to the effect that a certain described defect in the sidewalk "exists at this time," the trial being a year after the injury.

**TRIAL: Verdict—Excessiveness—$5,000.** Verdict of $5,000 sustained. Plaintiff, a married woman, 61 years of age, in charge of her husband's household, was, at the time of trial, one year after the injury, walking only by the aid of a crutch, because of a fractured femur bone, broken in a fall on a defective sidewalk. She suffered great pain, and will substantially, but not fully, recover. The recovery of damages was solely for *personal injury and present and future pain.* No claim was made for loss of time, earning capacity and expenses. Apparently sustained with some reluctance.

**HUSBAND AND WIFE: Actions—Personal Injury to Wife—Recovery—Effect.** It is stated, *arguendo,* that a recovery by the wife for her own personal injury, *without claim for loss of time,* bars the husband's claim for such loss of time, in view of Sec. 3477-a, Code Supp., 1913, investing the wife with right to recover for loss of time, etc.

*Appeal from Webster District Court.*—C. G. Lee, Judge.

Thursday, December 16, 1915.

Rehearing Denied Thursday, June 21, 1917.

Action for damages for personal injuries sustained by reason of a fall upon defendant's sidewalk. There was a verdict for the plaintiff, and defendant has appealed.—*Affirmed.*

*Mitchell & Fitzpatrick,* and *Kenyon, Kelleher & O'Connor,* for appellant.

*Healy, Burnquist & Thomas,* for appellee.

Evans, J.—The accident in question resulted from an icy condition of the sidewalk. It occurred at an intersection of sidewalks, where the plaintiff was about to turn from one to the other. The plaintiff alleged in her petition that the walk at the place of the accident had become dangerous by reason of an accumulation of snow and ice, which had been permitted to become rough, rounded, irregular and uneven. The accident occurred on the evening of March 3, 1913. 10 or 11 days preceding such date, there

had been a considerable snow storm, and the intervening weather had been quite cold. The place of the accident was upon one of the main sidewalks of the city, and was necessarily subjected to considerable travel. The principal question in the case is whether the condition of the street was such that the city could be deemed responsible therefor as for negligence, or whether its condition was simply the result of recent climatic conditions, for which no responsibility could be attached to the city.

1. MUNICIPAL COR-
PORATIONS:
defects or ob-
structions in
streets. etc.:
negligence: icy
condition:
question for
jury.

I.   The emphasis of the appeal is largely laid upon the proposition that the testimony on behalf of plaintiff failed to show that plaintiff's fall was the result of a rounded and uneven and rough condition of snow and ice. It is contended that her testimony shows to the contrary, and that it appears therefrom that she was caused to fall by the condition of the walk, caused by the natural conditions immediately preceding the accident.

Appellant's argument presents to us a very careful analysis of the testimony of plaintiff herself. The plaintiff testified that the surface of the ice was rough and "humpy." She also admitted, on cross-examination, that the ice was "slippery" and "smooth" and "slick." The argument at this point is made to rest very largely upon these particular terms. Strange to say, with all our familiarity with the subject, ice is not easily described in terms. The terms here employed originated in the questions put to the witness by the counsel for the defendant. It would be difficult to say that ice is not "slippery" and "slick" and "smooth" under almost any circumstances, and this is so even though it be "irregular and uneven and rounded and rough." It would not do, therefore, to say, as a matter of law, that the use of such terms was necessarily inconsistent with the claim that the condition of the ice

was as first described. The defendant was entitled to argue the point before the jury in the light of all the testimony in the case, and this right was undoubtedly exercised.

Much of the appellant's argument at

2. MUNICIPAL COR-
PORATIONS: de-
fects or ob-
structions in
streets: icy
condition:
cause.

this point is based upon the proposition of fact that there had been a thaw in the course of the day, and that the resulting water had frozen in the course of the evening. It is contended, therefore, that the case is ruled by *Beirness v. City of Missouri Valley,* 162 Iowa 720. In the cited case, a verdict was directed for the defendant city, and the ruling was sustained here.

In the case at bar, the evidence that there was any thawing during the day is very slight indeed. Surely, the jury would have been justified in finding to the contrary. The official weather report was put in evidence by agreement. It showed that, for two days preceding the accident, the temperature had gone down to 15 degrees below zero. It also appeared that, at some time within 24 hours prior to 7:00 A. M., March 4th, the temperature had gone up to 39 degrees. Because such temperature was 7 degrees above freezing, the inference is claimed that there must have been a thaw. This, of course, would depend upon the length of time that such temperature continued. Manifestly, such temperature could not result in any appreciable melting of ice and snow in a brief period of time. One witness testified that it was "thawing most of the time" for the 10 days preceding March 3d. On the other hand, the official weather report showed rather severe weather during that entire period. These statements could be rendered consistent by assuming that the thawing was such as took place in protected places and in the sunshine. It is sufficient to say that the evidence was by no means conclusive that the condition of the walk which resulted in

the plaintiff's fall was caused by a recent thaw. The law applicable to this class of cases is quite well settled in this state. It has been fully announced and discussed in some of our recent cases, notably in the *Beirness* case, supra, and *Griffin v. City of Marion*, 163 Iowa 435, and *Finnane v. City of Perry*, 164 Iowa 171. There is little occasion for our repeating the discussions contained in the cited cases. We think the evidence in the case is such as to bring it within the two cases last cited.

II. It is contended that the trial

**3. TRIAL: instructions: applicability: paraphrasing allegations of negligence.** judge erred in instructions to the jury. It is said that the trial judge, in his instructions, changed the issues, and submitted the case upon a theory not put forth in plaintiff's petition. The theory of negligence put forth in the instructions was that "snow and ice had been permitted to accumulate and become packed by travel thereon as to become unsafe and dangerous." Particular criticism is directed to the expression "packed by travel." It is said that such expression was not justified by any allegation in the petition. The petition did allege that, "by reason of the traffic of pedestrians at and about said point on said sidewalk, said snow and ice had become and was in a dangerous, rough, rounded, irregular and uneven condition." We think that the language of the instruction complained of was, therefore, justified by the allegation of the petition herein set forth.

Complaint is made of the fourth in-

**4. TRIAL: instructions: requisites and sufficiency: construction as a whole.** struction, and particularly of the first sentence thereof, which was as follows:

"The defendant, at the time of the accident complained of, was required by law to use ordinary care to keep the streets and sidewalk at the place in question in a reasonably safe condition for public travel."

It is said that the effect of this instruction was to hold the city responsible for the unsafe condition of the sidewalk, even though such condition were caused by recent climatic conditions. This criticism, however, ignores the instruction as a whole, and ignores the other instructions in the case. This sentence standing alone holds the city only to "ordinary care." The instructions as a whole advised the jury that ordinary care would not require the city to protect pedestrians against the dangers of snow and ice resulting from mere climatic conditions. The instructions advised the jury of the distinction between the natural conditions of snow and ice and the artificial conditions which might subsequently act upon them and thus render them irregular and more dangerous.

III. At the time of the trial, the plaintiff filed an amendment to her petition, wherein she alleged that the sidewalk itself, underneath the snow and ice, was uneven and rough and defective, and that this aided in creating the rough condition of the ice and snow upon the surface. The defendant pleaded the statute of limitations against the amendment, and now urges the same upon our attention. The argument is that these facts were not recited in the notice served upon the city under the provisions of Subdivision 1 of Section 3447, Code Supplement, 1913.

5. MUNICIPAL COR-
PORATIONS: de-
fects or ob-
structions in
streets: notice
of injury: speci-
fication of neg-
ligence.

The notice of the time and place and circumstances of the accident was served upon the city March 11, 1913. The action was begun about five months later. Because of the alleged omission from such notice of any reference to the condition of the sidewalk underneath the ice and snow, it is argued that any cause of action based thereon is barred within three months.

The statute does not require that the preliminary notice of the accident shall include the specifications of negli-

gence charged against the defendant. It does require that the notice state the time, place and circumstances of the accident. The very purpose of the notice is to 'enable the officers of the city to investigate the place and the circumstances promptly. Furthermore, the notice in this case did contain a description of conditions, including the following: "And because the said walk at said place was rough, uneven and rounded, and permitted the accumulation of water, ice and snow." The foregoing was of itself sufficient basis for the amendment complained of.

IV. Some complaint is made of rulings on the evidence. Evidence was introduced by the plaintiff, in rebuttal, of a statement made by one of the city commissioners on the morning following the accident and at the place thereof. It is urged that this was hearsay; and it was. But it was introduced as impeaching evidence. The commissioner was a witness upon the trial, and his testimony was inconsistent with such statement. His attention was directed, on cross-examination, to his previous alleged statement, and he, in substance, denied making the same.

6. EVIDENCE: hearsay: for purpose of impeachment.

Complaint is also made of the testimony of the witness Rose, husband of the plaintiff. In his direct examination, he described what he claimed to be the structural condition of the sidewalk at or about the place of the accident. Being pressed, upon cross-examination, he said that the same condition was to be found there "right now." In the light of the entire examination of the witness, we think it was within the discretion of the trial court to let the evidence stand.

7. WITNESSES: cross-examination: discretion of court.

V. Lastly, it is urged that the verdict was excessive. It was for $5,000. Plaintiff was a married woman, living with her husband, and in charge of her household. The petition herein

8. TRIAL: verdict: excessiveness: $5,000.

made no other claim than for her personal injury, including pain and suffering, present and future. Her injury was a broken femur bone. She suffered much pain. She will never fully recover from the effects of the injury, although there will be a substantial recovery. She was 61 years of age at the time of the injury. At the time of the trial, one year later, she was still needing the help of a cane and crutch, in order to walk.

In view of the elimination of all questions of loss of time and earning capacity and expenses of treatment, we think it must be said that the verdict was a very large one. We are not wholly agreed as to whether we would be justified in ordering a reduction, as a condition of affirmance.

**9. HUSBAND AND WIFE: actions: personal injury to wife: recovery: effect.** In this consideration, we are not unmindful that, under the provisions of Chapter 163 of the Acts of the Thirty-fourth General Assembly, the plaintiff could have recovered for loss of time, as well as for her pain and suffering, and that, by reason of such statute, there can be no outstanding claim against the city in favor of the husband for such item.

Under all the circumstances appearing in the record, the view prevails with a majority that we ought not to interfere with the verdict. The judgment below is accordingly—*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.