CORNELIUS LANE, Appellee, v. WILLIAM STEINIGER et al.,
Appellants.

**PLEADING:** Amendments—Substitution of Administrator as Plaintiff—Surrender of Individual Claim.  One suing in his own right on a claim which is vested exclusively in himself and also on a claim vested exclusively in an administrator, may, on discovering the legal difficulty confronting him, amend by substituting the administrator as plaintiff, and thereby retire, individually, from the case, and take with him his own individual claim.  So *held* where a husband, suing individually for loss of both (a) services and (b) society of his wife by reason of her tortious death, amended by substituting as plaintiff her administrator (who happens to be himself) and retired individually from the case with his claim for loss of society.

**HUSBAND AND WIFE:** Actions—Tortious Death of Wife—Recovery for Services.  The right to recover for loss of *services* of a wife killed by the tortious act of another has been taken away from the husband and vested exclusively in the administrator of her estate.  (Sec. 3477-a, Code S. Sup., 1915.)

*Appeal from Scott District Court.*—A. P. BARKER, Judge.

FRIDAY, FEBRUARY 18, 1916.

ACTION for damages resulted in judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Isaac Petersberger* and *Lane & Waterman,* for appellants.

*M. V. Gannon, Wm. M. Chamberlin,* and *Ely & Bush* for appellee.

LADD, J.—Lena Lane, while crossing the intersection of Second and Warren Streets in Davenport, was struck by the motor trucks of Steiniger, operated by Fisher. This happened at about 11:05 o'clock in the morning of January 21, 1913, and she died between 4:30 and 5:00 o'clock in the afternoon of the same day. In February following, her husband, Cornelius Lane, brought suit for damages against the Rock Island Brewing Company and the

Iowa Realty Company, alleging that they were the joint owners of the trucks, and praying to be allowed damages because of having been deprived ''of the services and society of his said wife''. Subsequently the petition was amended by making William Steiniger and A. E. Fisher defendants. The allegations of the petition were put in issue by answers, and the cause proceeded to trial to the jury, October 1, 1914. During the examination of the second witness called, the plaintiff filed another amendment to the petition, by adding after the name of the plaintiff the words ''administrator of the estate of Lena Lane, deceased'', and alleging that plaintiff had been duly qualified as such, and by striking out the prayer of the petition and inserting in lieu thereof the allegation that the estate of the deceased had become ''liable for expenses for medical care, attendance and nursing in a considerable sum'' and ''for funeral and burial expenses'', and ''that said estate has been damaged by loss of services, earnings and savings of said Lena Lane, including the loss or value of her services as wife and mother''; and judgment was prayed for $10,000 actual and exemplary damages, instead of $2,995.50 asked in the petition. On motion of defendants, this amendment was stricken; but later, the ruling was reconsidered and the motion overruled. The cause was dismissed as against the companies and a verdict against Steiniger and Fisher returned, upon which judgment was entered.

The only error complained of is the ruling by which the court allowed ''the amendment to plaintiff's petition by which the husband withdrew as plaintiff, taking with him his cause of action''. Had death been instantaneous, no right of action would have accrued to the husband. *Major v. Burlington, C. R. & N. R. Co.*, 115 Iowa 309. But she survived several hours after the collision and, because of this, the husband might have maintained an action for loss of his wife's society. The damages for this necessarily would be inconsiderable; for, as laid down by Lord Ellenborough in *Baker v. Bolton*, 1 Camp. 493, ''the damages as to the plaintiff's wife must stop

with the period of her existence". *Hyatt v. Adams,* 16 Mich. 180; *Long v. Morrison,* 14 Ind. 595 (77 Am. D. 72). This rule is said, in *Mowry v. Chaney,* 43 Iowa 609, to be well established. The husband might also have claimed damages for loss of services, but for the enactment of Section 3477-a, Code Sup., 1913, which provides that:

2. HUSBAND AND WIFE: actions: tortious death of wife: recovery for services.

"When any woman receives an injury caused by the negligence or wrongful act of any person, firm or corporation, including a municipal corporation, she may recover for loss of time, medical attendance and other expenses incurred as a result thereof in addition to any elements of damages recoverable by common law; and if such injury result in causing death, her administrator may sue and recover for her estate, the value of her services as a wife or mother or both in such sum as the jury may deem proportionate to the injury resulting in her death, in addition to such damages as are recoverable by common law; also loss of services and expenses incurred before death, if not previously recovered, and in such case of injury arising from wilful, gross, or wanton negligence, punitive damages may be allowed by the jury in addition to other damages herein provided, but in no event shall the amount exceed the sum of six thousand dollars."

This necessarily confers on the administrator of the wife's estate, if she die in consequence of the injury, the right to recover for loss of services. All left to the husband, then, was the inconsiderable claim for loss of consortium during a few hours; and when counsel were awakened to the situation by the discovery of the above statute, they filed the amendment as stated.

We think there was no error in permitting this to be done. But for such amendment, remedy would have been wholly inadequate, and could only have been made adequate by the prosecution of another action, by the administrator. The issues, save as to measure of damages and the right, were not changed by such amendment. As contended, the case

differs from *Myers v. Chicago, B. & Q. R. Co.,* 152 Iowa 330, where an amendment substituting the administrator of the estate of deceased for her husband as party plaintiff was approved, in that death in the *Myers* case was instantaneous, and no cause of action existed in favor of the husband (*Seney v. Chicago, M. & St. P. R. Co.,* 125 Iowa 290) ; while here he might have maintained the action, though the relief must have been inconsiderable, and, in view of the statute quoted, utterly inadequate. The difference is not such as would warrant a · different ruling. If the husband, in effect, gives up his cause of action in presenting the amendment, this is not a matter of complaint for defendants, but rather in the nature of a benefit. Nor is it material that in the *Myers* case and in *Van Dyk v. Mosterdt,* 171 Iowa 3 (where a partnership was substituted as party plaintiff for an individual member thereof), the amendment was in response to an objection of the defendant ; while in the case at bar, counsel for defendant continued in skillful silence. The amendments were all allowed in promotion of justice. See *Missouri, K. & T. R. Co. v. Wulf,* 226 U. S. 570 (57 L. Ed. 355).

There was no abuse of the large discretion conferred on trial courts in the matter of permitting amendments to pleadings, and the judgment is—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.