Margaret De Wall, Appellee, v. City of Sioux City, Appellant.

MUNICIPAL CORPORATIONS:   Torts—Defects in Streets—Snow
1   and Ice—Knowledge of Danger.   Negligence does not *necessarily*
    follow from the act of passing over a *known* defective walk
    So held where the one injured knew that the walk was cov-

ered with rough and uneven ice.

**MUNICIPAL CORPORATIONS:** Torts—Defects in Streets—Duty
2  to Take Safe Route. The plea that one injured by a defective
street ought to have taken another route cannot prevail in the
absence of evidence that such other route was a safer way than
the one actually taken.

**TRIAL:** Verdicts—$400—Excessiveness. Verdict of $400 for painful
3  injuries held non-excessive.

*Appeal from Woodbury District Court.—J. M.* ANDERSON,
Judge.

SATURDAY, OCTOBER 20, 1917.

DEFENDANT appeals from a judgment in favor of plain-
tiff for $400 damages which she claims to have suffered
because of the icy condition of an alley crossing in defend-
ant city.—*Affirmed.*

*Griffin & Page* and *Schmidt & Pike,* for appellant.

*Oliver, Harding & Oliver,* for appellee.

STEVENS, J.—I.  The injury complained of was received
upon one of the principal business streets of defendant

1. MUNICIPAL
CORPORATIONS:
torts: defects
in streets:
snow and ice:
knowledge of
danger.

city, and it is alleged that it was caused by
the city's negligently permitting accumula-
tions of snow and ice to remain upon an
alley crossing after the surface thereof had
become rough, rigid, slippery and uneven.
Plaintiff testified that she had frequently, previous to the
injury in question, passed over the place of the accident, and
knew of the presence of snow and ice upon the crossing and
that same had, by the tramping of pedestrians, and other
causes, become rough and uneven.

Evidence was introduced that, on the 5th of February,
1915, there were 13 inches of snow on the ground, and no
thawing or snow thereafter prior to the 9th; that, on the
evening of February 9th, there were 9.5 inches of snow on

the ground, and on the evening of the 11th, 8.4 inches; that, on the 12th, the maximum temperature was 35 degrees and the minimum 20; that, on the afternoon of the 12th, about 4 o'clock P. M., it began to rain, which continued until about 2 o'clock the following morning. Plaintiff claims that the accident in question occurred about 7 o'clock on the morning of the 13th and the evidence shows that, at 8 o'clock that morning, the temperature was 30 degrees above zero.   According to the testimony of plaintiff, the morning was cloudy and not very light; the surface of the snow was rough and icy, and it was "dirty frozen snow."   Other testimony as to the condition of the crossing was offered by plaintiff, which tended to corroborate her statement.   No testimony was offered by defendant tending to show that the crossing was not in the condition claimed by plaintiff.   Plaintiff testified that she did not realize that the crossing was dangerous.

It has been repeatedly held by this court that, where snow which has fallen upon the sidewalk is permitted to remain until the surface thereof, by thawing and freezing, or by reason of travel thereover, has become rough, uneven, rigid and slippery, and where this condition has existed for such length of time that same has become known to the authorities, or should have been known to them in the exercise of reasonable care, the municipality will be liable for damages to one injured while attempting, in the exercise of ordinary care, to pass over said walk.   *Huston v. City of Council Bluffs,* 101 Iowa 33; *Dempsey v. City of Dubuque,* 150 Iowa 260; *Beirness v. City of Missouri Valley,* 162 Iowa 720; *Griffin v. City of Marion,* 163 Iowa 435; *Finnane v. City of Perry,* 164 Iowa 171; *Hodges v. City of Waterloo,* 109 Iowa 444; *Rose v. City of Ft. Dodge,* 180 Iowa 331; *Covert v. Town of Lovilia,* 167 Iowa 163.

Recent rains may have caused the rough and uneven places upon the crossing to become more slippery and dan-

gerous than before, and the injury might not have occurred if the crossing had been in the same condition as it was prior to the rain; but this does not necessarily relieve the city from liability. It was said, in *Langhammer v. City of Manchester*, 99 Iowa 295, that:

"When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided that the injury would not have been sustained but for such defect."

See *Hodges v. City of Waterloo*, 109 Iowa 444; *Rose v. City of Fort Dodge*, supra.

Whether plaintiff was, at the time of the accident, in the exercise of that degree of care and prudence which the law requires, whether another and safer way was conveniently open to her, and whether she did, or in the exercise of ordinary care and prudence should have, appreciated and known the dangerous condition of the crossing before attempting to pass over the same, and whether she was in fact negligent in attempting to do so, were all questions of fact to be submitted to the jury, and we cannot say, as a matter of law, that the defendant was not negligent in permitting the crossing to become in the condition described, or that plaintiff, under the facts disclosed, was guilty of contributory negligence.

While it is argued by counsel that she 2. MUNICIPAL CORPORATIONS: torts: defects in streets; duty to take safe route. could have taken another route, there is no evidence tending to show that such was a better or safer way than the route traveled. The rule is that, if a pedestrian knows that a walk is defective, but believes, as an ordinarily prudent person, that he can cross the same in safety, then he is not required to pursue another route, although there may be

one open to him. *Jackson v. City of Grinnell,* 144 Iowa 232.

3. TRIAL: ver-
dicts: $400:
excessiveness.

II. Defendant also contends that the verdict is excessive. Evidence was offered tending to discredit plaintiff's claim that she suffered a fracture of one of the bones of her left leg, but undisputed evidence shows that her injuries were painful; that she was confined to her bed for several weeks, resulting in much loss of time. The verdict is small, and the trial court refused to grant a new trial on the ground that the same was excessive. No reason appears in the record for the interference of this court.—*Affirmed.*

GAYNOR, C. J., WEAVER AND PRESTON, JJ., concur.