S. JACOBSON, Appellant, v. DONALD P. FULLERTON et al., Appellees.

**HUSBAND AND WIFE:** Actions—Negligent Injury to Wife—Loss
1  of Time—Expenses—Right of Recovery. A woman, whether married or single, has the *sole* right to recover for *loss of time* and *all expenses* proximately resulting from a negligent, nonfatal injury to her, even though, if married, she is engaged in no separate business of her own, and even though, if married, such expenses have been contracted or paid by the husband. (Section 3477-a, Code Supplemental Supplement, 1915.)

**HUSBAND AND WIFE:** Actions—Death of Wife by Negligence—
2  Loss of Consortium. Whether the death of a wife by reason of a negligent or willful injury to her leaves the husband with a cause of action for loss of consortium, *quaere.*

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

DECEMBER 11, 1917.

ACTION for damages. The demurrer of defendants was sustained, and the plaintiff appeals.—*Affirmed.*

*Roy E. Cubbage,* for appellant.

*Sullivan & Sullivan* and *Nourse & Nourse,* for appellees.

PRESTON, J.—The petition states that

**1. HUSBAND AND WIFE: actions: negligent injury to wife: loss of time: expenses: right of recovery.**

plaintiff is the husband of Mrs. S. Jacobson, who, in July, 1914, was injured in an automobile collision through the negligence of defendant Donald P. Fullerton, while he was operating the automobile as the agent of defendant Robert Fullerton. It is alleged that her injuries were permanent. It is also alleged that Mrs. Jacobson was crushed, bruised, cut and wrenched; her back was injured; she sustained a deep cut extending from the top of her head down across her forehead to the eyebrow; she suffered a severe nervous shock, leaving her subject to headaches; that she is nervous, unable to sleep, and was confined to her bed a long time; that she is still unable to perform her ordinary household duties, and is confined to her bed a large part of the time; that plaintiff has been compelled to expend large sums of money in securing help to do the work which Mrs. Jacobson had done prior to the injury, and was compelled to expend large sums of money for medicine, physician's care, hospital services and medical services; that plaintiff will be compelled to expend large sums of money in the future on account of said injuries, whereby Mrs. Jacobson was rendered permanently unable to perform her usual work.

The defendant demurred on the ground that, under the statutes of Iowa in force at the time of the alleged injury, the right of action for loss of time, medical attendance, and other expenses resulting from an injury to a married woman, caused by negligence of another, is in the

wife, or in the administrator of her estate in case of her death, and not, in any event, in the husband. Section 3477-a, Code Supplemental Supplement, 1915, in so far as it applies to the facts of the instant case, is as follows:

"When any woman receives an injury caused by the negligence or wrongful act of any person, firm or corporation, including a municipal corporation, she may recover for loss of time, medical attendance and other expenses incurred as a result thereof in addition to any elements of damages recoverable by common law."

It is conceded by counsel that this section applies to a married woman. Appellant contends that the court erred in holding that the statute just quoted took away from the husband his common-law right to recover damages sustained by him for loss of his wife's time occasioned by personal injury to her through the negligence of another, and cites *Mewhirter v. Hatten,* 42 Iowa 288; *Omaha & R. V. Ry. Co. v. Chollette,* (Neb.) 59 N. W. 921; *Birmingham Southern R. Co. v. Lintner,* (Ala.) 38 So. 363; *Blair v. Bloomington & Normal Ry., E. & H. Co.,* 130 Ill. App. 400; *Riley v. Lidtke,* (Neb.) 68 N. W. 356; *London v. Cunningham,* 20 N. Y. Supp. 882; *Kirkpatrick v. Metropolitan St. Ry. Co.,* (Mo.) 107 S. W. 1025; *Booth v. Manchester St. Ry. Co.,* (N. H.) 63 Atl. 578; *Baltimore & O. R. Co. v. Glenn,* (Ohio) 64 N. E. 438.

Appellant also contends that the court erred in holding that the statute took away from the husband the right to recover moneys expended by him in procuring medical and hospital attendance for his wife following such injuries, citing the cases supra. It is said by appellant, and conceded by appellees, that at common law a husband could recover at law for loss of his wife's services, as well as for medical and surgical attendance. They cite Blackstone, Bacon and Cooley, and the following Iowa cases: *McKinney*

*v. Western Stage Co.*, 4 Iowa 420; *Tuttle v. C., R. I. &
P. R. Co.*, 42 Iowa 518.

In the *Mewhirter* case, supra, it was held, under the
statute which provided that the wife may receive the wages
of her personal labor and maintain an action therefor in
her own name and hold the same in her own right, that this
has reference to cases where the wife is employed, to some
extent, in performing labor or services for others than her
husband, or carrying on some business in her own behalf.
Counsel for appellant quote a ·sentence from the opinion
in that case, as follows:

"Certainly, such consequences were not intended by
the legislature, and we cannot so hold in the absence of pos-
itive and explicit legislation."

And they say that Section 3477-a of the present stat-
ute is not such positive and explicit legislation; that that
language was used in regard to the discussion in the opin-
ion that, if the construction contended for were to be placed
upon the statute, the wife would have a right of action
against her husband for domestic service or assistance
rendered by her as wife in caring for the children, etc.   Ap-
pellee contends in this case that the decision in the *Me-
whirter* case did not take from the husband any right of
action which he had prior to that act for loss of services,
on the theory that there could not be two causes of action
for the wife's labor or the loss of her time.

Under our decisions, even under the old statute, the
wife could recover for her services when engaged in a sep-
arate business, and we think it was the purpose of the leg-
islature, in enacting the last statute, to place all married
women on that basis, though not engaged in a separate busi-
ness, and to place a married woman in the same situation
as though she were single, as to the items of damage recov-
erable under the new statute.

Appellee cites *Rose v. City of Fort Dodge*, 180 Iowa 331; *Lane v. Steiniger*, 174 Iowa 317, 319; *Fisher v. Ellston*, 174 Iowa 364, 372. Appellant concedes that there is language in these decisions which seems to be against his contention, but says that all such is dictum. The argument for appellee is that:

"The language of this statute is clear, and provides that 'any woman' may recover for (a) loss of time; (b) medical attendance; (c) other expenses incurred; (d) any (all) elements of damages recoverable by common law; (e) punitive damages. In case of injury resulting in death, the administrator of the deceased may sue and recover (a) the value of her services as wife; (b) the value of her services as mother; (c) loss of other services; (d) expenses incurred before death (if not previously recovered by her); (e) damages recoverable at common law; (f) punitive damages. The legislature evidently intended to make 'a clean sweep' of the matter; for it expressly provided for the recovery by the wife, or, in case of her death, by her administrator, of all that counsel claims his client (the husband) is entitled to recover in this case. Not only in so many words does the statute provide for the recovery by the wife or her legal personal representative for 'loss of services' and 'medical attendance' and 'all other expenses,' but it provides for the recovery of *'services as wife,'* and, that there may be no misunderstanding, ends with this sweeping clause: 'Any (all) elements of damages recoverable at common law.' This statute takes away all common law claims of the husband and completely emancipates the wife."

In the *Rose* case, supra, a wife brought action for personal injury, including pain and suffering, present and future. No claim was made for loss of time and expenses of treatment. On appeal, the defendant there contended that the verdict of $5,000 was excessive, and the court said, at page 339:

"In view of the elimination of all questions of loss of time and earning capacity and expenses of treatment, we think it must be said that the verdict was a very large one. We are not wholly agreed as to whether we would be justified in ordering a reduction, as a condition of affirmance. In this consideration, we are not unmindful that, under the provisions of Chapter 163 of the Acts of the Thirty-fourth General Assembly, the plaintiff could have recovered for loss of time, as well as for her pain and suffering, and that, by reason of such statute, there can be no outstanding claim against the city in favor of the husband for such item."

It is contended by appellant that in that case the court was not concerned with any claim urged by a husband for moneys expended in procuring medical attention for his wife. We shall, later in the opinion, refer to the matter of money actually expended for medical attention. It is true that such expenses, and the question of loss of time, were not directly involved in the *Rose* case, but the matter was considered as bearing on the question as to whether the amount awarded there was excessive for the injury, pain and suffering. It did have some bearing on that question.

The *Fisher* case, supra, was an action brought by the administrator to recover damages for personal injuries resulting in the death of a married woman, and the claim of the defendant there was that the court erred in submitting to the jury the question of damages occasioned by the death of decedent, without evidence as to the value of her services to the plaintiff or to her estate, and the court said, at page 372:

"It is plain that, but for this section (3477-a), the husband might have recovered damages for the loss of the services of his wife, but this section gives a right of recovery to her if she survives, and to her administrator if she dies. This practically takes from the husband, if he should elect

to sue, the right to recover for these things specified in the statute.   There could not be double recovery for the same wrong."

It is said by appellant, of the language quoted, that the administrator had included in his claim for damages all of the items permitted under the statute, and there was no claim on behalf of the husband to recover.   That is true. But the question involved in that case was as to the measure of damages which might be recovered by the administrator.

In *Lane v. Steiniger,* 174 Iowa 319, the husband brought action for the death of his wife because of the negligence of another, and asked damages because of having been deprived of the services and society of his wife.   Subsequently, an amendment was filed to the petition, by which plaintiff sought to recover as administrator of his wife's estate, and the husband withdrew as plaintiff, taking with him his cause of action.   The court, referring to the section of the statute now under consideration, said:

"This [statute] necessarily confers on the administrator of the wife's estate, if she die in consequence of the injury, the right to recover for loss of services.   All left to the husband, then, was the inconsiderable claim for loss of consortium during a few hours.   *   *   *   The husband might also have claimed damages for loss of services, but for the enactment of Section 3477-a."

Appellant argues that consortium cannot be distinguished from loss of services, and appellee concedes that the attempted distinction in some cases between loss of society and the loss of services of the wife is largely visionary. But appellee argues that, whether right or wrong on this, the statute under consideration sets the matter at rest; that not only does it expressly confer on the wife, and, in case of her death, upon her administrator, the right of action for "loss of time, medical and other expenses," but also "any

elements of damages recoverable by common law." That is
the wording of the statute in one place, and in another it is,
"in addition to such damages as are recoverable by common
law." They say that the right of action formerly to recover
for loss of society—for consortium—was a common-law "el-
ement of damages," and not statutory, and that the sweep-
ing clauses of the statute quoted were intended to take that
right from the husband and give it to the wife and her ad-
ministrator. And they say further that there is in the
statute the specific statement that there is conferred upon
the administrator of the wife the right to recover "the value
of her services as a wife," and that, therefore, in view of the
history of the law upon the question, this can have no other
meaning than that for the loss of society, and that the cause
of action was conferred upon the administrator of the wife.
And they say also that it is apparent that whatever injury
to the wife deprives the husband of the enjoyment of his
wife's society deprives her of the same enjoyment of her
time, the enjoyment of each arising from the loss of the
wife's time, and they are so bound together that they cannot
be separated, even theoretically.

There is an intimation in the *Lane* case that there may
still be a recovery for loss of consortium; for it is said in
one place, at page 318, that, because the wife survived sev-
eral hours, the husband might have maintained an action
for loss of his wife's society, but that the damages for this
would be inconsiderable; and again, at page 319, it was said
that all left to the husband was the inconsiderable claim
for loss of consortium during a few hours. But we need
not discuss or determine the question as to whether there
is still left to the husband the right to recover therefor, for
the reason that there is no claim in the petition in the in-
stant case for damages for loss of the wife's society.

There can be no question but that, in this case, the wife
could recover for loss of her services. This being so, it is

equally clear that the husband may not recover for the same thing. This is so, we think, too, as to the claim in the petition for money expended in securing help to do the work which Mrs. Jacobson had theretofore done in the household. It is argued by appellant that this is a family necessary. This is true as between the person furnishing such help, on the one hand, and the husband and wife, on the other, but such help merely took the place of the wife in the performance of her services. Clearly, there could have been a recovery for this item by the wife, had she sued. This is true, too, as to the items for medicine, medical services and hospital services.

Under these circumstances, we think the plaintiff was not entitled to recover for these last mentioned items, and that the right of recovery for the items sued for is in the wife alone.

It is our conclusion that the demurrer to the petition was properly sustained. The judgment is therefore—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.